PENINSULAR STOVE CO. *v.* AUGST.

1. TRADE-MARKS AND TRADE-NAMES—PURCHASE OF MERCHANDISE—EXTENSION OF CREDIT.

   Purchase of merchandise or extension of credit from former stove manufacturing company which was in failing financial condition did not confer upon purchaser, a stove repair and sales company, any right to the use of any part of the former company's name in the conduct of new company's business.

2. CORPORATIONS—NAMES.

   After a corporation has finished the course fixed by law, its name is no longer that of an existing corporation.

3. SAME—NAMES—STATUTES—PARTNERSHIPS.

   Statute which prohibits one corporation from using a name already in use by another corporation has no application to suit by corporation against a partnership to enjoin latter from using a word in plaintiff's corporate name in defendant's business (Act No. 327, § 6, Pub. Acts 1931).

4. TRADE-MARKS AND TRADE-NAMES—CORPORATIONS—PARTNERSHIPS—UNFAIR COMPETITION.

   Rules of unfair competition are controlling in the matter of the use of a corporation's name by a partnership or an individual where there is no statutory prohibition against such use.

5. SAME—DEFINITION OF UNFAIR COMPETITION.

   Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor.

6. SAME—UNFAIR COMPETITION.

   No one shall by imitation or unfair device induce the public to believe that the goods he offers for sale are the goods of an-

other, and thereby appropriate to himself the value of the reputation which the other has acquired for his own product or merchandise.

7. SAME—PRIOR USE OF NAME—UNFAIR COMPETITION.

Record in corporation's suit to enjoin use of part of its name by partnership engaged in similar business sustained trial court's finding there was no evidence of unfair competition notwithstanding plaintiff used the word common to both names 28 days before defendant began its use.

8. SAME—CORPORATIONS—PARTNERSHIP—SAME BUSINESS—PORTION OF NAME COMMON TO EACH.

Corporation, named "Peninsular Stove Company" and engaged in repair and sale of stoves and furnaces, *held*, not entitled to injunction restraining partnership, engaged in same business, from using word "Peninsular" in name under which it operated, "Peninsular Furnace and Repair Company," there being so much difference between the names of both parties that it would be unfair to enjoin either at the request of the other.

Appeal from Wayne; Keidan (Harry B.), J. Submitted January 4, 1939. (Docket No. 41, Calendar No. 40,335.) Decided April 4, 1939.

Bill by Peninsular Stove Company, a Michigan corporation, against Fred W. Augst and Arthur W. Johnson, doing business as the Peninsular Furnace & Repair Company, to enjoin the use of the name "Peninsular" and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Carl B. Grawn,* for plaintiff.

*Sidney E. Doyle* and *Frank P. Neaton,* for defendants.

SHARPE, J. In January, 1931, the Peninsular Stove Company, a Michigan corporation which had been in the business of manufacturing stoves and

furnaces for some 50 years, was in a failing condition. A receiver was appointed, but the record does not show the nature of the receivership, *i. e.,* whether to conserve the assets and continue the business or to wind up and terminate the affairs of the corporation. In February, 1931, Frank C. Mack and Richard Casey, two employees of the stove company, started in business for themselves. The nature of this business was to service the Peninsular line of stoves and furnaces as well as sell stoves and furnaces. On March 3, 1931, Mack and Casey incorporated under the name of Peninsular Repair & Service Company. This new business was made possible by the purchase of parts from the Peninsular Stove Company on credit and from orders for servicing which were turned over to them by the treasurer of the 'old stove company' and later by its receiver. In June, 1931, the new corporation, feeling the need of additional capital, reorganized and in October, 1931, amended its articles of incorporation and changed its name to Peninsular Sales & Service Company.

On or about January 25, 1932, the old company filed notice of dissolution, and, about the same time, the Peninsular Sales & Service Company again amended its articles of incorporation and changed its name to Peninsular Stove Company.

Sometime after plaintiff adopted the name Peninsular Stove Company, the receiver for the old Peninsular Stove Company commenced a chancery action to enjoin plaintiff from the use of that name, but that case was later discontinued by stipulation of the parties.

Defendants Fred W. Augst and Arthur W. Johnson were also former employees of the old Penin-

sular Stove Company. On April 1, 1931, they formed a copartnership under the assumed name of Peninsular Furnace & Repair Company, and have been operating the business of selling furnaces and making repairs for any line of furnace. January 17, 1938, plaintiff filed its bill of complaint to enjoin defendants from using the word "Peninsular" in their business of selling and repairing furnaces.

Plaintiff claims that the old Peninsular Stove Company clothed plaintiff with the right to use the name "Peninsular" when the old company set Mack and Casey up in business in February, 1931; and that by reason of its prior appropriation and use of the name "peninsular," defendants may not now employ the same name in the same line of business against the objections of plaintiff. The defendants make the claim that plaintiff acquired no right to the name "peninsular" at the time it adopted it as the old stove company had not abandoned the name at that time; and that assuming prior adoption of the name by plaintiff, there is no showing of unfair competition in the acts and doings of defendants. The trial court entered a decree dismissing plaintiff's bill of complaint.

The record sustains plaintiff's claim that it adopted the word "peninsular" some 28 days prior to the time defendants began using it, but it is also true that when plaintiff and defendants began using the word, there is no evidence that the old company had abandoned the name. Nor can it be said that plaintiff acquired any right in the name "peninsular" by the purchase of merchandise or extension of credit from the old company. The facts in the case at bar are to be distinguished from *Dayton* v. *Imperial Sales & Parts Co.*, 195 Mich. 397, and *Grand*

*Rapids Trust Co.* v. *Haney School Furniture Co.,*
221 Mich. 487 (27 A. L. R. 1020), relied upon by
plaintiff. In the *Dayton Case, supra,* an injunction
was issued because in addition to the purchase of
certain machinery and merchandise, plaintiff also
purchased the name "Imperial" and all mail rights
connected with such name except car manufacturing
rights.

In the *Haney Case, supra,* a bill was filed by the
receiver of the Haney School Furniture Company
whose charter expired by limitation on June 7, 1919.
In June, 1922, the defendant, Haney School Furniture Company, was organized. We there said:

"The corporation (plaintiff) was a creature of
the law, and when it finished the course fixed by law
its name was no longer that of an existing corporation. * * *

"After the expiration of the three-year period of
grace the old company was an extinguished entity
incapable of transacting the business for which it
was organized or of possessing a business with a
good will or corporate trade name. The name did
not survive the business of which it was but a permitted designation."

In view of the fact that plaintiff is a Michigan
corporation and defendant a copartnership, Act No.
327, § 6, Pub. Acts 1931 (Stat. Ann. § 21.6), had no
application as that section relates solely to corporations.

The rule applicable in the case at bar may be
found in *Good Housekeeping Shop* v. *Smitter,* 254
Mich. 592, where we said:

"Were it not for the statute, another corporation
could take the name unless prohibited under the doctrine of unfair competition. *Nebraska Loan & Trust
Co.* v. *Nine,* 27 Neb. 507 (43 N. W. 348, 20 Am. St.

Rep. 686). There being no statutory prohibition against its use by partnerships or individuals, the rules of unfair competition are controlling.''

The rule as to unfair competition as recognized by our court is well stated in *Schwannecke* v. *Genesee Coal & Ice Co.*, 262 Mich. 624, where we said:

'' 'Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor. The rule is generally recognized that no one shall by imitation or unfair device induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own product or merchandise.' 26 R. C. L. p. 875.''

The trial judge found no evidence of any unfair competition. The record sustains such a finding. The record does show that plaintiff was using the word ''peninsular'' 28 days before defendant began its use, but in our opinion there is so much difference in the names of both parties that it would be unfair to enjoin either party at the request of the other.

The decree of the trial court is affirmed, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.