### CARBONATED BEVERAGES, INC., v. WISKO.

1. Trade-Marks and Trade Names—Definition of Unfair Competition.

Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor.

2. Same—Unfair Competition.

No one shall by imitation or unfair device induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own product or merchandise.

3. SAME—UNFAIR COMPETITION CASES EACH DETERMINED ON OWN FACTS.

Each case in which the question of unfair competition is presented must be determined on its own facts.

4. SAME—INJUNCTION—INFRINGEMENT OF COPYRIGHT—DECEPTION OF PUBLIC.

In suit by corporation to enjoin unfair competition by a partnership in the use of labels and names upon bottles of carbonated beverages claimed to amount to an infringement upon plaintiff's registered trade-mark and copyright, the question to be determined is whether deception of the public will result as a natural and probable consequence from the use of the label and name by defendants.

5. SAME—UNFAIR COMPETITION—EVIDENCE.

Proof of actual deception is not necessary to establish unfair competition if it appears that deception will be the natural and probable consequence of acts of the alleged infringer of trade name and copyright.

6. SAME—UNFAIR COMPETITION—CARBONATED BEVERAGES—BOTTLES—LABELS—PRINTING.

Plaintiff manufacturer of carbonated beverages sold in a pint container with a rectangular label at the top of which in large letters appeared the word ''Sweet'' and immediately beneath the word ''Sixteen'' with the name of the flavor printed in the center of a circle formed by the phrase ''16 ounces of sparkling goodness'' failed to make out a case of unfair competition on the part of defendant partnership which also manufactures such a beverage and sells it in pint bottles bearing a circular label at the top of which appears the word ''Globe,'' at the bottom, ''Beverages,'' and in the middle, the figure ''16'' in large numerals, followed by letters ''oz.'' in smaller type.

Appeal from Wayne; Webster (Clyde I.), J.  Submitted January 8, 1941.  (Docket No. 28, Calendar No. 41,380.)  Decided March 11, 1941.  Rehearing denied May 21, 1941.

Bill by Carbonated Beverages, Inc., a Michigan corporation, against Frank Wisko and Joseph Wardzinski, doing business as Globe Bottling Company, a copartnership, for an injunction restraining

alleged unfair competition.  Bill dismissed.  Plaintiff appeals.  Affirmed.

*Harry K. Rosen* (*Michael J. Landers,* of counsel), for plaintiff.

*Walter E. Kelly,* for defendants.

CHANDLER, J.  Plaintiff and defendants are manufacturers of carbonated beverages, both carrying on their business in the city of Detroit.  Plaintiff claims to be the first to sell a pint bottle of soda pop for five cents.  It introduced its product in February, 1938, under the trade name "Sweet Sixteen," obtaining trade-mark and copyright registrations thereon.

It is apparent from the record that plaintiff has developed a prosperous business from the sale of its product and has expended considerable sums of money in advertising.

Defendant for many years featured bottles of pop of two different sizes, the largest having a label on which appeared the phrase "Merry Maker," under which was printed the flavor of the contents of the bottle.  Their small bottle had no label, but had the name of the copartnership blown in the glass.  In June of 1939, defendants placed on the market a pint bottle of pop, bearing a circular label at the top of which appears the word "Globe"; at the bottom "Beverages"; and in the middle the figure "16" in large numerals, followed by the letters "oz." in smaller type.

The bill of complaint seeks to restrain defendants from "using the term 'Sixteen' and '16' as the dominant and featured name on its advertising and labels," it being claimed that the labels of defendants' pint bottle constituted a trade mark and copyright infringement and was unfair competition.  The trial court dismissed the bill and, upon appeal, the

only question presented is whether defendants are guilty of unfair competition warranting injunctive relief.

Plaintiff's pint bottle bears a large rectangular label, at the top of which in large print appears the word "Sweet" and immediately beneath the word "Sixteen." In the center is printed the flavor of the contents, around which, in the form of a circle, is printed "16 Ounces of Sparkling Goodness." Other printing on the label gives information relative to the ingredients and sanitary conditions under which it is manufactured.

Of the principle of unfair competition, we said in *Peninsular Stove Co.* v. *Augst,* 288 Mich. 465, 470:

"The rule as to unfair competition as recognized by our court is well stated in *Schwannecke* v. *Genesee Coal & Ice Co.,* 262 Mich. 624, where we said:

"'Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor. The rule is generally recognized that no one shall by imitation or unfair device induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own product or merchandise.' 26 R. C. L. p. 875."

Each case in which the question is presented must be determined on its own facts. *Good Housekeeping Shop* v. *Smitter,* 254 Mich. 592. Therefore the inquiry must turn to the question as to whether in this case deception of the public will result as a natural and probable consequence from the use of the label and name by defendants upon their bottles as hereinbefore described.

The president of the plaintiff company testified as to different occasions on which he entered stores and

ordered "Sweet Sixteen" and received instead thereof defendants' product. He further testified that he knew that he was not receiving plaintiff's product at the time he made the purchases. Actual deception of any member of the buying public was not shown. But proof of actual deception is not necessary to establish unfair competition, it being sufficient if it appears that deception will be the natural and probable consequence of defendants' acts. *Weisman* v. *Kuschewski,* 243 Mich. 223.

Plaintiff's principal argument and complaint concerns the use of the figures "16" in large numerals, followed by "oz." in smaller type. It has no objection to defendants indicating that their bottle contains 16 ounces of pop, but insists that such indication should be made by some other means.

It is clear that defendants have a legal right to state on the label the number of ounces contained in the bottle. And under the circumstances presented by the record we cannot find that in so doing they have been guilty of unfair competition. Photographs of the bottles and labels used by both parties appear in the record. There is no similarity whatsoever in design. On defendants' bottle appears the figures "16," and on plaintiff's the word "Sixteen." It does not appear to us that the use of the figures by defendants will naturally and probably result in deception of the buying public who desire to purchase plaintiff's product.

The decree is affirmed, with costs to defendants.

Sharpe, C. J., and Bushnell, Boyles, North, McAllister, Wiest, and Butzel, JJ., concurred.