**AMERICAN CONSUMERS, INC. d/b/a Shop-Rite Super Markets**

v.

**The KROGER COMPANY.**

**No. CIV-1-75-247.**

United States District Court, E. D. Tennessee, S. D.

Aug. 2, 1976.

---

Witt, Gaither, Richardson, Henniss & Whitaker, Thomas H. O'Neal, Chattanooga, Tenn., for plaintiff.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION

FRANK W. WILSON, District Judge.

This is an action in which the plaintiff, the operator of a chain of super markets, seeks to enjoin the defendant, the operator of a competing chain of super markets, from engaging in an advertising campaign commonly known as the "Price Patrol Report," a form of price comparison advertising. The plaintiff contends that the advertising was false and erroneous in various respects and as such constitutes a violation of the Lanham Act, 15 U.S.C.A. § 1125(a). Following a trial of the lawsuit, the Court entered findings of fact and conclusions of law, the following memorandum being a portion of the Court's conclusions of law, which was deemed by the Court appropriate for publication.

The complaint in this lawsuit alleges federal question jurisdiction. In alleging federal question jurisdiction, it is averred that the defendant has engaged in unfair price advertising and that such conduct on the part of the defendant constitutes a violation of section 43(a) of the Lanham Act [15 U.S.C.A. § 1125(a)], and that jurisdiction would accordingly lie under 15 U.S.C.A. § 1121 and 28 U.S.C.A. § 1338. Accordingly, an initial issue of law for decision by the Court in the case is whether federal question jurisdiction would exist under the allegations of the complaint and the evidence in the case.

The plaintiff contends that section 43(a) of the Lanham Act is sufficiently broad in its language and scope as to include false price advertising as allegedly engaged in by Kroger in its grocery merchandising. The defendant, upon the other hand, contends that section 43(a) is but a part of the trade-mark laws of the United States and is limited in its scope and intent to merchandising practices equivalent to the misuse of trademarks, that is the passing or "palming off" of one's goods as those of a competitor.

Section 43(a) [15 U.S.C.A. § 1125(a)] provides in relevant part:

"Any person who shall . . . use in connection with any goods or services . . . any false description or representation . . . tending falsely to describe or represent the same . . . shall be liable to a civil action by any person . . . who believes that he is or is likely to be damaged by the use of any such false description or representation."

In construing the foregoing language it should be noted that prior to *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the common law of unfair trade practice had largely developed in the federal courts, (See, *Blisscraft of Hollywood v. United Plastics Co.,* 294 F.2d 694, 697 (2nd Cir., 1971), and as so developed was limited to the practice of "palming off" one's products as being those of a competitor. Following the passage of the Lanham Act in 1946, the courts did not initially construe that Act as widening the scope of unfair competition claims beyond the pre-*Erie Railroad Co.* common law precedents. Although some courts continued to interpret section 43(a) as being confined to situations where there had been a "palming off" of goods of the defendant for those of the plaintiff, *e. g., PIC Design Corp. v. Sterling Precision Corp.,* 231 F.Supp. 106 (S.C.N.Y., 1964), with the passage of time, as stated by Judge Austin in *Skil Corp. v. Rockwell International Corp.,* 375 F.Supp. 777, 786 (D.C.N.D.Ill., 1974), a "checkerboard . . . of apparently conflicting decisions" developed in the federal courts in regard to the interpretation to be placed upon section 43(a). *See, American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3 (5th Cir., 1974); *Alfred Dunhill Limited v. Interstate Cigar Co., Inc.,* 499 F.2d 232, (2nd Cir., 1974); *L'Aiglon Apparel v. Lana Tobell, Inc.,* 214 F.2d 649

(3rd Cir., 1954); *Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190 (9th Cir., 1953); *Matador Motor Inns, Inc. v. Matador Motel, Inc.*, 376 F.Supp. 385 (D.C. N.J., 1974); *Harms, Inc. v. Tops Music Enterprise, Inc., of California*, 160 F.Supp. 77 (D.C.Cal., 1958).

More recent cases have generally recognized that section 43(a) did not simply re-enact the common law tort of "palming off," but rather created a new federal statutory tort rendering actionable any false description or misrepresentation by a defendant of his merchandise where that merchandise moves in interstate commerce. See, *Alum-A-Fold Shutter Corp. v. Folding Shutter Corp.*, 441 F.2d 556 (5th Cir., 1971); *Alfred Dunhill Limited v. Interstate Cigar Co., Inc., supra.* See also, Wright & Miller, 13 Fed. Pract. & Proc. § 3582, p. 581; Prosser, Law of Torts § 130, p. 960 (4th ed. 1971).

It must be acknowledged that a review of the case law, as hereinabove cited, reveals that most of the false descriptions or representations complained of by a plaintiff have been false descriptions or representations concerning the ingredients or qualities inherent to the defendant's product. This is in contrast to the instant case where the false statements allegedly made by the defendant do not pertain to the inherent ingredients or qualities of the defendant's goods, but rather pertain to the pricing of those goods in relation to the plaintiff's pricing of similar or identical goods. The question thus presented to the Court is whether section 43(a) of the Lanham Act extends to those situations where the alleged false statements are made by a defendant with regard to the prices of its goods in comparison with the prices of the plaintiff's goods.

Focusing on the words of section 43(a) which would be relevant here, it can be seen that the Lanham Act applies to "any false description or representation" used "in connection with any goods" which tends "falsely to describe or represent the same". Although the cases hereinabove cited have spoken in terms of false descriptions or

representations regarding the qualities or ingredients of the defendant's goods, it would appear to this Court that the price of a particular item would be as much a "false representation" of the item as any representation concerning the goods' inherent ingredients or qualities. This would be especially true where, as here, the only real and material difference between two competitors' goods are their prices and the only real area of competition is price competition. It can hardly be argued in a case such as this that false representations concerning the comparative prices of similar or identical grocery items would be any less damaging to the business of a plaintiff-competitor than false representations made by a defendant concerning the inherent qualities or ingredients of its groceries. Thus it would appear that since it was the intent of Congress in enacting the Lanham Act to "protect persons engaged in [interstate commerce] against unfair competition" (15 U.S. C.A. § 1127), falsity in price advertising is equally as unfair and damaging as falsity in the designation of the inherent qualities or ingredients of the goods. It would further appear that false price advertising would equally tend to "falsely . . . represent" the goods as would falsity in the description of the inherent qualities or ingredients of the goods.

■ However, the foregoing reasoning and conclusion in regard to the interpretation of section 43(a) of the Lanham Act would appear to be precluded in this Circuit by the decision of the Sixth Circuit Court of Appeals in the case of *Federal-Mogul-Bower Bearings, Inc. v. Azoff*, 313 F.2d 405 (6th Cir., 1963). Although that case was decided in 1963, it appears to be the most recent, if not the only, decision in this Circuit upon the issue now before the Court. In that case the Court, quoting with approval the following language from *Sampson Crane Co. v. Union National Sales, Inc.*, 87 F.Supp. 218, 222 (D.C.Mass., 1949) stated:

"The intent of Congress in passing the Act is set forth in the final paragraph of Section 1127. Only one phrase of that paragraph fails to use the word 'mark'. And that phrase ('to protect persons en-

gaged in such commerce against unfair competition') must in such a context be construed to refer not to any competitive practice which in the broad meaning of the words might be called unfair, but to that 'unfair competition' which has been closely associated with the misuse of trade-marks, i. e., the passing off of one's goods as those of a competitor. It is clear, both from this statement of the intent and from a reading of the Act as a whole, that the primary purpose of the Act was to eliminate deceitful practices in interstate commerce involving the misuse of trade-marks, but along with this it sought to eliminate other forms of misrepresentations which are of the same general character even though they do not involve any use of what can technically be called a trade-mark. The language of Section 43(g) is broad enough to include practices of this latter class. But the section should be construed to include only such false descriptions or representations as are of substantially the same economic nature as those which involve infringement or other improper use of trade-marks. It should not be interpreted so as to bring within its scope any kind of undesirable business practice which involves deception, when such practices are outside the field of the trade-mark laws, . . . ." 313 F.2d at 409.

This Court accordingly concludes that, as contended by the defendant, section 43(a) of the Lanham Act is limited in its scope and intent to merchandising practices equivalent to the misuse of trade-marks, that is the passing or "palming off" of one's goods as those of a competitor.

It is accordingly the opinion of the Court that the complaint in this case fails to allege and the evidence in the case fails to establish any violation of the Lanham Act and that no federal question jurisdiction would accordingly lie.