The COCA–COLA COMPANY, Plaintiff,

v.

The PROCTER & GAMBLE COMPANY, Defendant.

No. C–1–86–0615.

United States District Court, S.D. Ohio, W.D.

Aug. 27, 1986.

Jacob K. Stein, Cincinnati, Ohio, for plaintiff.

Thomas S. Calder, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon defendant Procter & Gamble Company's ("P & G") Motion to Dismiss the Complaint (doc. no. 9).

Plaintiff The Coca-Cola Company ("Coca-Cola") filed a Complaint in this Court on July 3, 1986 asserting that commercials broadcast nationwide by P & G are false and misleading advertising because P & G asserts it uniquely uses only the "heart" of the orange in making its orange juice, Citrus Hill Select. Coca-Cola alleges that by virtue of defendant's false and misleading advertising concerning the "heart of the orange" message, its Minute Maid orange juice product is suffering and will continue to suffer irreparable injury for which Coca-Cola has no adequate remedy at law.

Coca-Cola in its prayer for relief, requests that P & G be preliminarily and permanently enjoined from broadcasting the contested television commercials and that defendant be preliminarily and permanently enjoined from claiming, directly or indirectly, in connection with its advertising, promotion or sale of Citrus Hill Select Orange Juice, that 1) Citrus Hill Select is different from and more select than other orange juices; 2) Citrus Hill Select Orange Juice is more select because it uses only the "heart" or the cubed interior portion of the orange; 3) the "heart" of the orange is fresher, sweeter and/or better tasting than the rest of the orange; 4) that defendant discards portions of the orange that other manufacturers use in the manufacture of the orange juice; and (5) that Citrus Hill Select, because of its use of the "heart" of the orange, is fresher, sweeter or better tasting than other competing brands.

Coca-Cola contends that P & G's advertisements are a false description and representation of goods in interstate commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). There is no claim made of product confusion.

P & G maintains in its Motion to Dismiss that in the absence of a claim of product confusion, plaintiff cannot obtain an injunction under § 43(a). This argument is based on the holding by the United States Court of Appeals for the Sixth Circuit in *Federal-Mogul-Bower Bearings, Inc. v. Azoff*, 313 F.2d 405 (6th Cir.1963).

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1976), provides:

Any person who shall ... use in connection with any goods or services ... a false designation of origin, or any false description or representations including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce ... shall be liable to a civil action by any person doing business in the locality falsely indicated as

that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

The Sixth Circuit in *Azoff* stated as follows:

As observed by appellant, the Lanham Act does not provide a right of action for trade-mark infringement generally; it leaves to the state courts, administering the state laws, and to the diversity cases, those cases for common law trade-mark infringement that do *not* arise out of deceptive and misleading use of such marks in interstate and foreign commerce. But it does provide a right of action to persons engaged in interstate and foreign commerce, against deceptive and misleading use of common law trade-marks, and against deceptive and misleading use of words, names, symbols, or devices, or any combination thereof, which have been adopted by a manufacturer or merchant to identify his goods and distinguish them from those manufactured by others, where such misleading use is carried on, in the channels of interstate and foreign commerce, which is subject to regulation by Congress.

*Id.* at 409.

The Sixth Circuit in *Azoff* at 409 also cited with approval and quoted extensively the Massachusetts District Court in *Samson Crane Co. v. Union National Sales, Inc.,* 87 F.Supp. 218, 222 (D.Mass.1949), aff'd per curiam, 180 F.2d 896 (1st Cir. 1950). That quote reads as follows:

The intent of Congress in passing the Act is set forth in the final paragraph of Section 1127. Only one phrase of that paragraph fails to use the word 'mark'. And that phrase ('to protect persons engaged in such commerce against unfair competition') must in such a context be construed to refer not to any competitive practice which in the broad meaning of the words might be called unfair, but to that 'unfair competition' which has been closely associated with the misuse of trade-marks, i.e., the passing off of one's

goods as those of a competitor. It is clear, both from this statement of the intent and from a reading of the Act as a whole, that the primary purpose of the Act was to eliminate deceitful practices in interstate commerce involving the misuse of trade-marks, but along with this it sought to eliminate other forms of misrepresentations which are of the same general character even though they do not involve any use of what can technically be called a trade-mark. The languaqe of Section 43(a) is broad enough to include practices of this latter class. But the section should be construed to include only such false descriptions or representations as are of substantially the same economic nature as those which involve infringement or other improper use of trade-marks. It should not be interpreted so as to bring within its scope any kind of undesirable business practice which involves deception, when such practices are outside the field of the trade-mark laws.

More recent decisions of the Sixth Circuit Court of Appeals reaffirm the Court's position as set forth in *Azoff*. The Court related in *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642, 647 (6th Cir.1982), that the district court properly held that the standard of proof needed to prevail in a § 43(a) action for injunctive relief was a showing of "likelihood of confusion." In the 1985 decision of *Frisch's Restaurants, Inc. v. Shoney's Inc.,* 759 F.2d 1261, 1264 (6th Cir.1985), the court reiterated that equitable relief, such as a preliminary injunction, is available to a Lanham Act plaintiff upon demonstrating, at a minimum, a likelihood of confusion among consumers as to the origin of the goods and services provided by defendant resulting from the defendant's use of the disputed mark, as well as irreparable harm to the plaintiff's interests. *See also, Kwik-Site Corp. v. Clear View Manufacturing Co.,* 758 F.2d 167, 179 (6th Cir.1985).

While this Court acknowledges that other Circuits have recognized a cause of action for false advertisement under § 43(a)

of the Lanham Act, the Sixth Circuit does not recognize such a cause of action absent the element of "a likelihood of confusion among consumers." The federal courts are courts of limited jurisdiction. The Sixth Circuit Court of Appeals has guarded this principle through its decision in *Azoff* and subsequent decisions by restricting § 43(a) to what Congress intended the Act to remedy, passing-off of one's goods for another's. This Court applauds the restrictive view of the federal court's jurisdiction adopted by the Sixth Circuit in its above-mentioned cases and the policy is enthusiastically followed here.

Coca-Cola refers this Court to *Elby's Big Boy of Steubenville, Inc.*, contending that the Sixth Circuit has recognized the broader view expressed by other circuits under § 43(a). The Sixth Circuit, however, at page 646 of the decision, refers to *Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695, 702 (5th Cir. 1981), only for the proposition that, 1) it has been "suggested" by the Fifth Circuit Court of Appeals that § 43(a) of the Lanham Act created a *sui generis* federal statutory cause of action for false representation and 2) the Fifth Circuit concluded that § 43(a) prescribes not only what has been considered false advertising but also what had been differentiated as unfair competition. The Sixth Circuit Court of Appeals never embraced the Fifth Circuit's holding and overruled *Azoff.* Further, *Frisch's* did not involve a false advertising claim, but rather the likelihood of confusion in a passing off situation. As previously mentioned, the Sixth Circuit Court of Appeals held in the case that the standard of proof needed to prevail in a § 43(a) action for injunctive relief was a showing of "likelihood of confusion."

This case is identical to *American Consumers, Inc. v. Kroger Co.*, 416 F.Supp. 1210 (E.D.Tenn.1976). Thus, as stated in that case and based upon *Azoff,* "section 43(a) of the Lanham Act is limited in scope and intent to merchandising practices equivalent to the misuse of trade-marks, that is the passing or 'palming-off' of one's goods as those of a competitor." *Id.* 1213.

This case is not identical to the case of *Wildlife Internationale, Inc. v. Clements,* 591 F.Supp. 1542 (S.D.Ohio 1984), in which the district court was confronted with a complaint which alleged causes of action for trademark infringement and unfair competition under § 43(a) of the Lanham Act, as well as Ohio Rev.Code § 4165.01 et seq., and Ohio common law. The case did not involve solely a § 43(a) cause of action.

The Court also notes that the law encourages alternative dispute resolution and arbitration. In this case, the three television networks denied Coca-Cola's challenge to the advertisements. The National Advertising Division of the Council of Better Business Bureaus, Inc. also found the advertisements not misleading. By careful design, the federal courts are courts of limited jurisdiction leaving to the state courts the responsibility to determine most legal disputes.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), applies only to merchandising practices, equivalent to the misuse of trademarks and palming off of one's goods for another's, in which confusion or likelihood of confusion is an element. Consequently, as Coca-Cola's only claim before this Court fails to contain this essential element, defendant Procter & Gamble's Motion to Dismiss must be GRANTED.

IT IS SO ORDERED.