**The COCA–COLA COMPANY,
Plaintiff-Appellant,**

v.

**The PROCTER & GAMBLE COMPANY,
Defendant-Appellee.**

No. 86–3855.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 16, 1987.

Decided July 2, 1987.

Thomas C. Morrison, argued, Patterson, Belknap, Webb & Tyler, New York City, and Jacob K. Stein, Paxton & Seasongood, Cincinnati, Ohio, for plaintiff-appellant.

Thomas S. Calder, argued, Lawrence Elleman, Dinsmore & Shohl, and Nancy C. Cody, Cincinnati, Ohio, for defendant-appellee.

Before MERRITT, WELLFORD and MILBURN, Circuit Judges.

WELLFORD, Circuit Judge.

The Coca-Cola Company (Coca-Cola), which produces Minute Maid orange juice, filed a complaint alleging that commercials of Procter & Gamble Company (P & G) for its Citrus Hill Select orange juice misrepresent the production process and quality of Citrus Hill Select orange juice. Specifically, Coca-Cola asserts that P & G's commercials emphasize a "heart of the orange" theme that implies that Citrus Hill Select is made only from the "heart" or cubed center of the orange, which makes Citrus Hill juice sweeter and better tasting than other juices. In fact, Coca-Cola maintains, P & G's process is much like its competitors' processes and uses the entire interior portion of the orange, not just a cubed center, in producing its juice. Coca-Cola charges that P & G has thus violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits "any false description or representation" in advertising goods in interstate commerce. Coca-Cola did not allege product confusion or "passing off." P & G filed a motion under Rule 12(b)(6) to dismiss for failure to state a claim, arguing that section 43(a) of the Lanham Act is limited to claims of product confusion.

In ruling on a motion to dismiss, we must take the allegations in plaintiff's well-pleaded complaint as true. The only issue in this case, therefore, is the legal question of the scope of section 43(a) of the Lanham Act.

Section 43(a) provides in pertinent part:

Any person who shall affix, apply, or annex, or use in connection with any goods or services, ... a false designation of origin, or any false description or representation, ... shall be liable to ... any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

15 U.S.C. § 1125(a). The district court found that Sixth Circuit precedent limits this provision to cases alleging product confusion or "passing off." 642 F.Supp. 936. In reaching this conclusion, the court relied primarily on *Federal-Mogul-Bower Bearings, Inc. v. Azoff*, 313 F.2d 405 (6th Cir. 1963). *Federal-Mogul* concerned a "trade dress" claim alleging that the defendant's packaging imitated and closely resembled plaintiff's packaging. The court held that this allegation was one of "false description and representation" within the meaning of section 43(a). *Id.* at 408. The court also held that the word "origin" in the statute referred to origin of source or manufacture as well as geographic origin. *Id.*

Beyond the holding, the court discussed the Lanham Act generally, stating:

[T]he Lanham Act does not provide a right of action for trade-mark infringement generally; it leaves to the state courts, administering the state laws, and to the diversity cases, those cases for common law trade-mark infringement that do *not* arise out of deceptive and misleading use of such marks in interstate and foreign commerce. But it does provide a right of action to persons engaged in interstate and foreign commerce, against deceptive and misleading use of common law trade-marks, and against deceptive and misleading use of words, names, symbols, or devices, or any combination thereof, which have been adopted by a manufacturer or merchant to identify his goods and distinguish them from those manufactured by others, where such misleading use is carried on, in the channels of interstate and foreign commerce, which is subject to regulation by Congress.

*Id.* at 409 (emphasis in original). The *Federal-Mogul* court also quoted extensively from an early Massachusetts case, *Samson*

*Crane Co. v. Union National Sales, Inc.,* 87 F.Supp. 218 (D.Mass.1949), *aff'd per curiam* 180 F.2d 896 (1st Cir.1950). *See Federal-Mogul,* 313 F.2d at 409. In the quoted passage the *Samson Crane* court asserted that the Lanham Act should not be interpreted to encompass allegations of deception outside the field of trademark law. 313 F.2d at 409 (quoting from *Samson Crane,* 87 F.Supp. at 222).

The district court relied on *Federal-Mogul* for the proposition that section 43(a) is limited in the Sixth Circuit to "passing off" cases. *Federal-Mogul,* however, addressed only a trade dress claim; no issue of false representation of quality was before the court. Any statements implying that section 43(a) does not encompass false advertising or misrepresentation of quality were not essential to the court's holding and therefore are dicta that is not binding precedent in this case.[1] The extensive quotation from *Samson Crane,* moreover, is not only dicta, but is of dubious value. As the Ninth Circuit has observed: "albeit influential for a number of years ... [*Samson Crane's* ] holding was only an alternative basis for the court's decision ... and its vitality has been questioned in the very district and circuit in which it originated, *see Electronics Corp. of America v. Honeywell, Inc.,* 358 F.Supp. 1230, 1232–33 (D.Mass.), *aff'd per curiam,* 487 F.2d 513 (1st Cir.1973)." *U–Haul Internat'l v. Jartran, Inc.,* 681 F.2d 1159, 1161 (9th Cir. 1982); *see also Procter & Gamble Co. v. Chesebrough-Pond's, Inc.,* 747 F.2d 114, 118–19 (2d Cir.1984) (*Samson Crane* is no longer the prevailing rule). For these reasons, the dicta of *Federal-Mogul* does not represent a binding rule in this circuit that section 43(a) does not encompass misrepresentation of quality claims.

The district court also cited several cases in which the Sixth Circuit ruled that the proper standard for section 43(a) claims is "likelihood of confusion." *See, e.g., Frisch's Restaurant, Inc. v. Shoney's, Inc.,* 759 F.2d 1261, 1264 (6th Cir.1985); *Kwik-Site Corp. v. Clear View Mfg. Co.,* 758 F.2d 167, 179 (6th Cir.1985); *Frisch's Restaurants, Inc. v. Elby's Big Boy, Inc.,* 670 F.2d 642, 647 (6th Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 231, 74 L.Ed.2d 182 (1982). Each of these cases, however, concerned trade dress or deception of origin, not misrepresentation of quality. The district court improperly extrapolated statements of the "likelihood of confusion" standard to support its conclusion that the Sixth Circuit does not recognize a section 43(a) cause of action absent a showing of product confusion. P & G has cited cases for the proposition that no misrepresentation of quality cause of action exists, but these cases never considered any misrepresentation of quality issue. *See e.g., Shoney's,* 759 F.2d 1261; *Carson v. Here's Johnny Portable Toilets,* 698 F.2d 831 (6th Cir.1983) (concerning trade-mark/slogan); *Elby's,* 670 F.2d 642; *Ameritech, Inc. v. American Information Technologies Corp.,* 609 F.Supp. 611 (N.D.Ohio 1985) (concerning deception of origin), *rev'd,* 811 F.2d 960 (6th Cir.1987); *Anheuser-Busch, Inc. v. Florists Ass'n of Greater Cleveland,* 603 F.Supp. 35 (N.D.Ohio 1984) (concerning slogan "This Bud's For You" and deception of origin); *Westward Co. v. Gem Products, Inc.,* 570 F.Supp. 943 (E.D.Mich. 1983) (concerning trade dress). These cases are not precedent that support the district court decision.

In short, no Sixth Circuit case has addressed an issue of misrepresentation of quality, and any implications about the cognizability of that issue in this circuit are

---

**1.** P & G has cited *Messer v. Curci,* 806 F.2d 667 (6th Cir.1986), for the proposition that this panel is bound by a prior panel's pronouncements on the Lanham Act, regardless of whether the prior panel's statements are dicta. This argument improperly extends *Messer.* The *Messer* court stated that "although it can be argued ... that that part of *Avery* with which this panel is in disagreement is *dicta,* a majority of this panel concludes that to ... fail to follow the *holding* of *Avery* would be to send mixed signals to the bench and bar...." *Id.* at 668–69 (emphasis added). Thus, the *Messer* court held only that subsequent panels are bound by *holdings* of prior Sixth Circuit panels. We conclude that the language in *Federal-Mogul* that pertains to this case is dicta, and we are therefore not bound thereby. *Messer,* moreover, has been vacated and this court has granted a rehearing en banc. *See* 806 F.2d 667 (Editor's note).

not binding upon us in this case involving not likelihood of confusion, but rather commercial misrepresentation. We therefore conduct an independent evaluation of whether a misrepresentation of quality cause of action is cognizable under section 43(a).

The language of the Act, the proper standing point for any statutory interpretation, includes the following phrase: *"any false description or representation." See* 15 U.S.C. § 1125(a) (emphasis added). The plain meaning of that statutory phrase clearly encompasses a false description or misrepresentation about the characteristics or qualities or overall quality of a product.

Many courts have determined that misrepresentation of quality is actionable under section 43(a). *See, e.g., Coca-Cola Co. v. Tropicana Products, Inc.,* 690 F.2d 312, 317 (2d Cir.1982); *U–Haul Internat'l, Inc. v. Jartran, Inc.,* 681 F.2d 1159, 1160–62 (9th Cir.1982); *Vidal Sassoon, Inc. v. Bristol-Myers Co.,* 661 F.2d 272, 278 (2d Cir. 1981); *Norman M. Morris Corp. v. Weinstein,* 466 F.2d 137, 141 (5th Cir.1972); *Bernard Food Industries v. Dietene Co.,* 415 F.2d 1279, 1284 (7th Cir.1969), *cert. denied,* 397 U.S. 912, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970); *L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.,* 214 F.2d 649, 650 (3d Cir.1954); *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.,* 640 F.Supp. 1411, 1440 (E.D.N.C.1986); *Wildlife Internationale, Inc. v. Clements,* 591 F.Supp. 1542, 1548 (S.D.Ohio 1984); *Ames Publishing Co. v. Walker-Davis Publications, Inc.,* 372 F.Supp. 1, 12 (E.D.Pa.1974). Other courts have applied section 43(a) to cases of misrepresentation of quality without discussing the issue of whether it should apply. *See, e.g., Avis Rent a Car System v. Hertz Corp.,* 782 F.2d 381 (2d Cir.1986); *Potato Chip Institute v. General Mills, Inc.,* 461 F.2d 1088 (8th Cir.1972) (concerning alleged misrepresentation of production of potato chips); *see also Black Hills Jewelry Mfg. v. Gold Rush, Inc.,* 633 F.2d 746, 751 (8th Cir.1980) (stating in dicta: "evidence of 'palming off' or 'passing off' is not required under § 43(a)").

In addition to the plain language of the statute and other courts' interpretations supporting what we believe is a common sense application, policy considerations are implicated in this case. P & G observes that the advertising industry is a self-policing industry that considers claims of misrepresentations of quality, and P & G argues that federal courts need not, and should not, be bogged down with detailed claims of false advertising. Congress, however, has enacted a statute that creates a cause of action in federal court for false advertising. Protecting consumers from false or misleading advertising, moreover, is an important goal of the statute and a laudable public policy to be served. Under our economic system, competitors have the greatest interest in stopping misleading advertising, and a private cause of action under section 43(a) allows those parties with the greatest interest in enforcement, and in many situations with the greatest resources to devote to a lawsuit, to enforce the statute rigorously. Public policy, therefore, is indeed well served by permitting misrepresentation of quality claims to be actionable under section 43(a).

We hold therefore that section 43(a) encompasses claims of false advertising and misrepresentation of quality and is not limited to claims of passing off a product. We therefore REVERSE the district court and REMAND the case for a ruling on the merits.