## PASSALACQUA CORPORATION, d/b/a Mario's Corporation, Plaintiff,

v.

## RESTAURANT MANAGEMENT II, INC., d/b/a East Side Mario's Restaurant, Defendant.

No. 95–CV–70252–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 29, 1995.

---

Larry W. Bennett, Cox, Hodgman, Troy, MI, for plaintiff Passalacqua Corp. dba Mario's Corp.

Ralph T. Rader, Dykema Gossett, Bloomfield Hills, MI, for defendant Restaurant Management II, Inc.

## ORDER OF REMAND

HACKETT, District Judge.

Plaintiff Passalacqua Corporation has filed a motion to remand. For the reasons stated below, plaintiff's motion shall be granted.

## BACKGROUND

Plaintiff Passalacqua Corporation does business as Mario's Corporation. "Mario's" is an Italian restaurant which has been doing business in Detroit for 47 years. The name "Mario's" is a trade name. Defendant Restaurant Management II, Inc. is doing business as "East Side Mario's Restaurant." "East Side Mario's" is an Italian restaurant franchise owned by PepsiCo Corporation which is located in the City of West Bloom-field. The name "East Side Mario's" is a service mark which was registered with the United States Patent and Trademark Office on April 11, 1989.

Plaintiff "Mario's" filed the instant lawsuit in state court seeking a permanent injunction enjoining defendant from using its restaurant name. The action was pled as a state law claim of common law unfair competition. Plaintiff claims that defendant "East Side Mario's" is harming its business and its reputation by confusing consumers as to the relationship between the competitors. Defendant removed the state action to federal court on the grounds that plaintiff's lawsuit involves a federal trademark. Although plaintiff did not plead its complaint as a federal trademark action, defendant maintains that federal trademark law controls. Since the instant lawsuit was removed to this court, defendant has filed a declaratory judgment action seeking a declaration of non-infringement under the Lanham Act, 15 U.S.C. § 1114, in federal court. That action has been assigned to another judge in this district.

## DISCUSSION

In its notice of removal, defendant alleged that plaintiff's claim arose under federal trademark law and thus claimed that removal was proper pursuant to 28 U.S.C. § 1338(a), which provides:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

In its motion to remand and accompanying brief, plaintiff argues that this action is not a federal trademark case, but an unfair competition case arising solely under Michigan statutory and common law.

A defendant may remove an action to federal court only if the district court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). If a court lacks diversity

jurisdiction over a lawsuit, as in the instant case, the defendant must establish that the action "arises under" the Constitution or laws of the United States in order to remove the case from state court to federal court. 28 U.S.C. § 1331. Ordinarily, to determine whether a claim arises under federal law, the court looks to the face of plaintiff's complaint under the "well-pleaded complaint" rule. *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). If the complaint relies only on state law, normally the district court will find that it lacks subject matter jurisdiction and that the action is not removable. A defendant's claim of preemption would then be treated as a defense and addressed by the state court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law." *Id.*

█ In the present case, the parties agree that on its face, plaintiff's complaint states only a state law claim of unfair competition. Defendant argues, however, that the court must look beyond the face of the complaint on the grounds that plaintiffs have artfully pled their claim in order to avoid federal jurisdiction. "[A]n exception to the well-pleaded complaint rule exists when plaintiffs 'artificially plead' their complaint in order to avoid federal jurisdiction of claims that are federal in nature." *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332 (6th Cir.1989). Under the "artful pleading" exception, if it appears "that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or if plaintiff's claim is "really one of federal law," then the matter may be properly removed to federal court. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

In this case, plaintiff has pled unfair competition under Michigan common law. Under Michigan common law, unfair competition is defined as follows:

Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor. The rule is generally recognized that no one shall by imitation or unfair device induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own product or merchandise.

*Peninsular Stove Co. v. Augst*, 288 Mich. 465, 285 N.W. 24 (1939). There are numerous Michigan cases, like the one presently before this court, in which the Michigan Supreme Court relied solely upon the state law common law doctrine of unfair competition to analyze claims brought to enjoin a competitor from selling similar services or goods under a nearly identical name. *E.g.*, *Wills v. Alpine Valley Ski Area, Inc.*, 369 Mich. 23, 118 N.W.2d 954 (1963); *Burns v. Schotz*, 343 Mich. 153, 72 N.W.2d 149 (1955); *Peninsular Stove Co., supra; Good Housekeeping Shop v. Smitter*, 254 Mich. 592, 236 N.W. 872 (1931).

█ It is clear that the state law doctrine of unfair competition is a separate and independent claim distinguishable from a federal trademark infringement or unfair competition claim brought pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Section 1114 provides a cause of action for use of a mark likely to "cause confusion" with a federally registered trademark. Edward H. Pappas & Jon R. Steiger, *Michigan Business Torts* § 5.22 (1991). In *Coca–Cola Co. v. Procter & Gamble Co.*, 822 F.2d 28, 29 (6th Cir.1987), the Sixth Circuit explained that state common law controls questions of trademark infringement in cases that do not arise out of deceptive and misleading use of such marks in interstate or foreign commerce. The Lanham Trademark Act presents a cause of action for infringement of registered or unregistered trademarks only if

the goods or services involved move in or affect interstate or foreign commerce. *Id.* In *Coca–Cola Co., supra,* the Sixth Circuit quoted from its earlier decision *Federal–Mogul–Bower Bearings, Inc. v. Azoff,* 313 F.2d 405, 409 (6th Cir.1963) in its discussion of the Lanham Act:

> [T]he Lanham Act does not provide a right of action for trade-mark infringement generally; it leaves to the state courts, administering the state laws, and to the diversity cases, those cases for common law trade-mark infringement that do *not* arise out of deceptive and misleading use of such marks in inter-state and foreign commerce. But it does provide a right of action to persons engaged in interstate and foreign commerce, against deceptive and misleading use of common law trade-marks, and against deceptive and misleading use of words, names, symbols, or devices, or any combination thereof, which have been adopted by a manufacturer or merchant to identify his goods and distinguish them from those manufactured by others, where such misleading use is carried on, in the channels of interstate and foreign commerce, which is subject to regulation by Congress.

*Id.* As the above quote from the *Federal–Mogul* court makes clear, federal trademark law does not encompass every state common law action for unfair competition.

Defendant argues that plaintiff's claims are not limited to state law, but require the resolution of substantial questions of federal trademark law. Defendant further argues that because its service mark "East Side Mario's" is federally registered with the Trademark offices, the mark necessarily is used in interstate or foreign commerce and thus, the lawsuit must be resolved under the Lanham Act. Plaintiff maintains, however, that the subject matter of the lawsuit does not involve interstate or foreign commerce because the trade name and service mark at issue are used in Michigan by Michigan residents only. Moreover, plaintiff contends that the fact that defendant maintains a federally registered trademark is not at issue. Plaintiff is the master of its complaint and plaintiff has sought no relief under federal law.

The issue before the court then is whether resolution of plaintiff's state law claim of unfair competition requires the court to resolve a substantial question of federal law. Defendant argues that plaintiff's claim is federal in nature because resolution of plaintiff's common law unfair competition action would require the court to consider the same factors which the court would consider under a federal trademark infringement action. Defendant relies upon *Wynn Oil Co. v. American Way Serv. Corp.,* 943 F.2d 595, 604 (6th Cir.1991). In that case, plaintiff brought trademark infringement and unfair competition claims under federal trademark law as well as under Michigan common law. In determining the federal trademark claims, the district court analyzed plaintiff's claims under the eight-factor test set forth by the Sixth Circuit to determine whether there was a "likelihood of confusion" among competitor's use of contested marks. *Id.* at 599–604 (citing *Frisch's Restaurants v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642, 648 (6th Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 231, 74 L.Ed.2d 182 (1982)). After analyzing the federal trademark claims, the district court turned to the state common law unfair competition claim and determined that the same factors used to decide plaintiff's federal trademark infringement claim would apply. Although the Michigan courts have not articulated an eight-part analysis per se, it is true that they have used similar criteria to decide unfair competition issues. *Michigan Business Torts* at § 5.6 (citing *Thrifty Acres, Inc. v. Al–Naimi,* 119 Mich.App. 462, 326 N.W.2d 400 (1982); *220 Bagley Corp. v. Julius Freud Land Co.,* 317 Mich. 470; 27 N.W.2d 59 (1947)). In reviewing the district court's decision to analyze the state law claim under the same factors as the federal claim, the Sixth Circuit noted that "it is most likely that the Michigan Supreme Court would evaluate a common law claim of unfair competition under the eight factors identified earlier." *Wynn,* 943 at 605. Thus, the Sixth Circuit determined that the district court properly evaluated the state law claim under the federal standard. *Id.*

The Sixth Circuit's discussion in *Wynn* makes clear that federal trademark law does not displace plaintiff's cause of action. In

*Wynn,* although the federal and state claims involved essentially the same analysis, the two claims were separate and independent and required individual discussion. Unlike patent or copyright actions, the federal courts do not have exclusive jurisdiction over trademark actions. 28 U.S.C. § 1338(a). The fact that the proofs in a federal trademark infringement action are similar to the proofs in a common law unfair competition claim does not magically transform plaintiff's state law cause of action into a federal claim. Similarly, although an age or sex discrimination claim brought under Michigan's Elliott–Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.,* would be analyzed under similar factors to a lawsuit filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* the Michigan discrimination claim is solely a matter of state law and could not be removed to federal court. Likewise, a cause of action filed under the Michigan Handicappers' Civil Rights Act, M.C.L. §§ 37.1102 *et seq.,* would involve similar issues to an action filed under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.,* yet it would remain a state claim. The fact that a claim filed under a state law might have been filed under a related federal statute does not confer federal jurisdiction on the state claim.

It is clear that plaintiff's state law claim cannot be recharacterized as a federal trademark claim. The "artful pleading" exception to the "well-pled complaint" rule is inapplicable here. There is no disputed question of federal law. Plaintiff has pled a purely state law claim. Under the "well-pleaded complaint" rule, this court lacks subject matter jurisdiction and the matter must be remanded to the state court.

In addition, the court does not need to address the "complete preemption" exception to the "well-pleaded complaint" rule. Normally, federal preemption is an affirmative defense and does not give rise to removal jurisdiction but remains a matter for the state court to decide. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. However, there is an exception to the well-pleaded complaint rule known as the "complete preemption" doctrine. Under that doctrine, the Supreme Court has explained that complete preemption exists when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts

an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (citations omitted). State claims are preempted and therefore removable to federal court only when there is a "clearly manifested" intent by Congress. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987). The only cases in which the Supreme Court has found complete preemption have been in relation to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; concerning ERISA, and concerning Indian rights. *Her Majesty the Queen in Right of Province of Ontario,* 874 F.2d at 342. This court has found no cases in which federal trademark law has been held to completely preempt state law unfair competition claims. Accordingly, the "complete preemption" doctrine is inapplicable and the "well-pleaded complaint" rule controls.

The plaintiff is the master of its complaint. In this case, plaintiff has chosen to litigate this matter under state law only and to forego whatever claims or remedies might also exist under federal law. The court is duty bound to respect plaintiff's well-pled complaint. Because the court lacks subject matter jurisdiction over the complaint,

IT IS ORDERED that plaintiff's motion to remand hereby is GRANTED.