COFFIN, Chief Judge.
Appellant was charged in a four count indictment with distributing cocaine on four separate dates. After a jury trial he was found not guilty on counts I and II and guilty on count IV. The jury returned no verdict on count III. In an unpublished per curiam opinion of this court, the conviction on count IV was affirmed, United States v. Underwood, 553 F.2d 91 (1st Cir. 1977).
Subsequently appellant brought a petition for relief pursuant to 28 U.S.C. § 2255. Two issues raised in it have been pressed on appeal.[1] First, appellant asserts *159 that his conviction was based on evidence seized in violation of his Fourth Amendment rights. We conclude that the district court properly rejected this contention and adopt the reasoning set forth in the court’s opinion dated November 3, 1977.
The second issue on appeal concerns the claim that the prosecution had in its possession, but never released to the defense, a videotape of a conversation between appellant and a federal agent that would have demonstrated that the agent pressured appellant into making the sale of cocaine for which he was convicted on count IV of the indictment. No evidentiary hearing was held on this allegation. Rather, the district court, not the same judge who presided over the trial, conducted a recorded chambers conference at which the prosecutor and appellant’s trial counsel were present.[2] Offering a police report which referred to the videotape in question, the prosecutor informed the court that the report had been made available to defense counsel prior to trial. He further represented that the videotape had been made only for the purpose of verifying that appellant had met with the agent. It had been filmed from a spot across the street from the hotel where the meeting took place and so had been incapable of recording voices or the substance of the conversation. In fact, the prosecutor asserted, the videotape machine had malfunctioned and nothing at all had been recorded. Based on the district court records, the trial transcript, and the oral representations of the prosecutor at the chambers conference, the district court concluded that no evidentiary hearing was necessary and denied the petition.
We have no reason whatsoever to doubt that the prosecutor faithfully represented the facts. Our problem is with the process the court employed to resolve the factual issues raised by the petition. We cannot very well adopt as generally applicable to all cases the principle that the unsworn representations of a prosecutor shall be a satisfactory substitute for evidence.
Section 2255 provides that “unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief”, the court shall conduct an evidentiary hearing. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 213, 72 S.Ct. 263, 96 L.Ed. 232 (1951). Here the issue raised by appellant did not concern evidence or arguments fully litigated at the trial, see Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961); Dalli v. United States, 491 F.2d 758, 761 (2d Cir. 1968); Taylor v. United States, 282 F.2d 16, 23 (8th Cir. 1960). On the contrary, appellant alleged that evidence relevant to his entrapment defense had been withheld by the prosecutor and thus could not be presented to the jury. To resolve this claim, the district court went outside of the record, the motion, and the files. As the court’s opinion demonstrates, the representations the prosecutor made during the chambers conference figured significantly in the decision to deny an evi-dentiary hearing and relief, see Bender v. United States, 387 F.2d 628, 630 (1st Cir. 1967); United States v. Salerno, 290 F.2d 105, 106 (2d Cir. 1961) (per curiam).
No sworn testimony or even affidavits under oath were presented to substantiate the prosecutor’s allegations, see Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977). Himself not a witness to the filming of the videotape, the prosecutor relied on information others had relayed to him. No first hand witness, such as the agent who made the tape, was produced for cross-examination by the defense. Appellant was not present, and it appears from the docket entries of the case that by the time of the conference trial counsel, who did attend, had sought leave to withdraw as appellant’s attorney.
We do not think that the chambers conference conducted in this case amounted to the adversary judicial hearing required by § 2255 when a factual dispute exists, see United States v. Hayman, supra, 342 U.S. at 220, 72 S.Ct. 263. We therefore remand so that the district court may con *160 duct a hearing at which evidence concerning the circumstances surrounding the videotape may be presented. If the evidence bears out the prosecutor’s representations, the conviction shall stand.

So ordered.

. Appellant has not renewed the assertion, rejected in his first appeal but presented again to the § 2255 court, that federal agents entrapped him into committing the offense. Similarly, he has not pursued the claim that he was deprived of his Sixth Amendment right to the effective assistance of counsel. An additional issue raised below concerning the alleged use of perjured testimony to obtain the conviction is mentioned in the appellate brief only in passing.

. A transcript of this conference was not included in the record on appeal.