9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SWART, Plaintiff-Appellee,
v.
Terry PITCHER, Defendant,
Joseph Hosey; Sandra Pretzer; Dave Bergh; Bryan Holman;
Roger Broadstone; Richard Metevia; Michael
Glowick, Defendants-Appellants.
 No. 92-2401.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before: MARTIN, SILER, BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Several officers of the Michigan Department of Corrections (MDOC), who are defendants in this prisoner civil rights case, appeal the district court's denial of their motion to dismiss on qualified immunity grounds and its ruling that they waived the qualified immunity defense. We AFFIRM the district court's denial of the motion to dismiss, but clarify that the defendants at this point have not waived the qualified immunity defense for all purposes.
 
 I.
 
 2
 Plaintiff James Swart is a prisoner under the jurisdiction of the MDOC. On February 11, 1991, he brought a pro se complaint alleging that prison officials violated his Eighth and Fourteenth Amendment rights by placing him in bed restraints for an extended period of time.
 
 
 3
 On June 10, 1991, defendants moved to dismiss, or for summary judgment, on two grounds: (1) that plaintiff's complaint failed to state a claim upon which relief could be granted, and (2) Eleventh Amendment immunity. Defendants did not raise the defense of qualified immunity in this motion.
 
 
 4
 On August 22, 1991, plaintiff served discovery requests. On September 20, 1991, defendants filed a second motion to dismiss based on qualified immunity and a motion for stay of discovery pending the resolution of the qualified immunity issue. The magistrate judge granted the stay of discovery. On March 31, 1992, the magistrate judge issued a report & recommendation (R & R), recommending that the first motion to dismiss based on Eleventh Amendment immunity and failure to state a claim be denied. The R & R did not address the second motion to dismiss containing the qualified immunity claim.
 
 
 5
 Defendant filed objections, arguing that the magistrate should have addressed the issue of qualified immunity. Plaintiff filed counter-objections. The district court adopted the R & R on April 23, 1992, noting that the ruling applied only to defendants' first motion to dismiss and not to the qualified immunity claim raised in defendants' second motion. Defendants then filed an answer on May 21, 1992, which was nine days late. In the answer, they asserted the qualified immunity defense.
 
 
 6
 On August 5, 1992, the magistrate judge issued a second R & R, recommending denial of the second motion to dismiss because the qualified immunity defense had not been raised in the initial motion and therefore was waived. Defendants filed objections to the R & R.
 
 
 7
 On October 8, 1992, the district court adopted the magistrate judge's second R & R, finding that because defendants filed their answer nine days late, "[o]n this basis alone, the qualified immunity defense has been waived due to their failure to file a timely answer pursuant to Fed.R.Civ.P. 12." The court noted that the second motion was "an improper responsive pleading" because under Federal Rule 12, defendants were required to raise all defenses in one pre-answer motion, and concluded: "[T]his court finds that the Magistrate Judge's determination that the Defendants had waived their qualified immunity defense was correct." Defendants now appeal the denial of their motion to dismiss based on qualified immunity.
 
 II.
 
 8
 The only issue in this case is whether the district court erred in denying the defendants' second motion to dismiss. We note at the outset that we have jurisdiction to hear this interlocutory appeal because it is from an order denying a motion to dismiss on qualified immunity grounds and it presents a procedural question about raising the qualified immunity defense. See Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18 (1985) (denial of qualified immunity is an appealable "final decision" under 28 U.S.C. Sec. 1291); Daugherty v. Campbell, 935 F.2d 780, 783 (6th Cir.1991) (denial of qualified immunity would be effectively unreviewable at end of trial), cert. denied, 112 S.Ct. 939 (1992).
 
 
 9
 Turning to the merits of the appeal, we affirm the district court's denial of the second motion to dismiss on the grounds that the defense could not be raised in a second pre-answer motion to dismiss. This Court has addressed the procedural peculiarities of the defense of qualified immunity in Dominque v. Telb, 831 F.2d 673, 677 (6th Cir.1987):
 
 
 10
 While qualified immunity is a defense which must be affirmatively asserted, its potential applicability will usually appear, as here, in the allegations of the complaint, since an essential element of section 1983 is that the defendant was then acting under color of state law. Thus, before filing a formal affirmative defense in his answer, the defendant could properly challenge the sufficiency of the complaint under F.R.C.P. 12(b)(6) on the basis that he was entitled to a qualified immunity because the facts pleaded would not show that his conduct violated clearly established law of which a reasonable person should have known at the time ...
 
 
 11
 ... Once the issue of qualified immunity is properly injected in the case either by a motion to dismiss, an affirmative defense, or a motion for summary judgment, the plaintiff is obliged to present facts which if true would constitute a violation of clearly established law.
 
 
 12
 Id. (citations omitted.) Thus, it is clear that in this Circuit, the defense of qualified immunity is viewed as being an affirmative defense as well as a proper subject of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.
 
 
 13
 Federal Rule of Civil Procedure 12(g) provides:
 
 
 14
 (g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
 
 
 15
 Fed.R.Civ.P. 12(g) (emphasis added). Under Rule 12(g), a party that fails to raise a defense in a Rule 12 motion cannot raise an omitted defense in a second pre-answer Rule 12 motion. This rule was "intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions." Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 701 (6th Cir.1978).
 
 
 16
 The rule, however, provides an exception for a motion provided for in Rule 12(h)(2) "on any of the grounds there stated." Fed.R.Civ.P. 12(g). Rule 12(h)(2), in turn, states:
 
 
 17
 (h) Waiver or Preservation of Certain Defenses.
 
 
 18
 (2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a) [i.e. answers etc.], or by motion for judgment on the pleadings, or at the trial on the merits.
 
 
 19
 Fed.R.Civ.P. 12(h)(2) (emphasis added). Under Rule 12(h)(2), a party may raise a defense of failure to state a claim upon which relief can be granted, even though not raised in an earlier motion to dismiss, in one of three ways: 1) in an answer, 2) in a motion for judgment on the pleadings, or 3) at trial on the merits.[1] Nevertheless, Rule 12(h)(2), in setting out the ways in which a party may raise a failure to state a claim argument after the initial pre-answer motion, precludes the filing of a second 12(b)(6) motion to dismiss after an initial motion to dismiss. See Rauch v. Day & Night Mfg. Corp., 576 F.2d at 701 n. 3 (subsection (g) "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have....").
 
 
 20
 In this case, the district court correctly found that defendants' second pre-answer motion was an improper responsive pleading and grounds for denial of the motion. While defendants could still raise qualified immunity in their answer, in a motion for judgment on the pleadings, in a summary judgment motion, or at trial, they could not raise the defense in a second pre-answer motion to dismiss. Therefore, we affirm the district court's denial of the motion to dismiss.
 
 III.
 
 21
 We hold, however, that the district court erred in holding that the second motion to dismiss must be denied because "the qualified immunity defense has been waived due to [defendant's] failure to file a timely answer." The only issue before the district court, and now before us, is whether the second motion to dismiss should be denied. The late filing of the answer is irrelevant to that issue because plaintiff has neither objected to its late filing nor filed any motion to strike the answer or any part of it.
 
 
 22
 Nor does defendants' filing of a late answer automatically work a waiver of the defense at all stages of litigation. Federal Rule of Civil Procedure 8(c) states:
 
 
 23
 In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk ... waiver, and any other matter constituting an avoidance or affirmative defense.
 
 
 24
 Fed.R.Civ.P. 8(c). Under this rule, a party ordinarily may not raise an affirmative defense in a summary judgment motion or at trial if it has failed to plead the defense in its answer. Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir.1988); Simon v. Shearson Lehman Bros. Inc., 895 F.2d 1304, 1313 (11th Cir.1990) (district courts have broad discretion in excluding evidence at trial related to unraised defenses). However, failure to raise an affirmative defense results in waiver only if the opposing party had no notice that the defendant was going to raise that defense at trial, and therefore could not conduct any discovery or trial preparation on that issue. Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir.1993); Haskell, 864 F.2d at 1273.
 
 
 25
 Qualified immunity is an affirmative defense that must be pleaded or it is waived. Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736 (1982); Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir.1986) (qualified immunity is a right that "can be lost by failure timely to assert it"), cert. denied, 479 U.S. 1103, 107 S.Ct. 1334 (1987); see Yates v. City of Cleveland, 941 F.2d 444, 448 (6th Cir.1991) (qualified immunity can be waived by failing to meet court's time schedule for filing motions). Qualified immunity can be raised at any or all of three different stages: in a motion to dismiss, in a summary judgment motion, or at trial. Kennedy, 797 F.2d at 300. A defendant may appeal the denial of qualified immunity at three different stages--after the denial of a motion to dismiss, after the denial of a summary judgment motion, and after trial. Id. See also Dominque v. Telb, 831 F.2d 673, 677 (6th Cir.1987) (qualified immunity may be raised three different times).
 
 
 26
 Under these circumstances the late-filing of the answer raising the qualified immunity defense is not a proper basis either for the denial of the motion to dismiss or for a finding that the qualified immunity defense has been forever waived. Accordingly, we hold that defendants have waived only their ability to raise the defense of qualified immunity by a motion to dismiss.
 
 IV.
 
 27
 For the reasons set out above, we affirm the district court's denial of the motion to dismiss on qualified immunity grounds.
 
 
 
 [1]
 Although not specifically stated in the rule, Rule 12(h)(2) does not preclude filing a motion for summary judgment on the same defense that was raised in the motion to dismiss because a summary judgment motion is not a Rule 12 motion