**FEDERAL EXPRESS CORPORATION,**
Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. CV 96–3151 DA.

United States District Court,
W.D. Tennessee.

March 10, 1999.

Dwayne S. Byrd, R. Larry Brown, Lester A. Bishop, Jr., Federal Express Corporation, Legal Department, Memphis, TN, for Federal Express Corporation, plaintiff.

Joe A. Dycus, U.S. Attorney's Office, Memphis, TN, for United States Postal Service, defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

Before this court is Defendant's, United States Postal Service, Rule 12(b)(6) motion to dismiss Plaintiff's, Federal Express Corporation, complaint for failure to state a claim upon which relief can be granted. Plaintiff alleges that Defendant violated Section 43 of the Lanham Act, 15 U.S.C. §§ 1051–1127, by disseminating false and misleading advertising concerning the characteristics of its Priority Mail and Global Priority Mail services. More specifically, Plaintiff alleges that Defendant violated the 15 U.S.C. § 1125(a) by 1)

falsely representing its delivery service as an express service comparable to that offered by the Plaintiff, 2) misrepresenting the price of FedEx 2Day, an express service offered by the Plaintiff, and 3) falsely advertising itself as a private commercial entity which offers delivery service "around the world." Plaintiff avers that consumers have been and are likely to be misled by these false advertisements. Plaintiff further avers that these false advertisements have caused irreparable harm to its business, reputation and goodwill. To remedy these alleged harms, Plaintiff requests that 1) Defendant compensate Plaintiff for all profits obtained by the Defendant through the misleading advertising campaign; 2) Defendant pay Plaintiff treble damages for all harm suffered on account of the misleading advertising; 3) Defendant reimburse Plaintiff for all costs incurred as a result of the misleading advertising, including corrective advertising costs; and 4) Defendant deliver to the Plaintiff all items bearing the misleading representations. Plaintiff also requests this court to 1) issue preliminary and permanent injunctions prohibiting Defendant from continuing to use these misleading advertisements, and 2) direct Defendant to file a report detailing all measures taken to comply with the injunction within thirty days of the court's injunction.

Defendant contends that Plaintiff's complaint fails to state a claim and should be dismissed pursuant to Rule 12(b)(6). In support of this contention, Defendant argues that 1) Plaintiff's complaint fails to plead the facts underlying its allegations of a Lanham Act violation with sufficient particularity, 2) the alleged statements of misrepresentation are not material and therefore not actionable under the Lanham Act, 3) Defendant's representation of itself as a "company" which "delivers around the world" was a statement of puffery and therefore not actionable under the Lanham Act, and 4) Defendant's comparison between its delivery services and those of Plaintiff is not actionable under the Lanham Act because the statements were true

and Defendant did not have a duty to disclose all the differences between its delivery service and that of Plaintiff.

For the following reasons, the court denies Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## I. FACTS

Plaintiff is a private corporation organized under the laws of Delaware and having its principal place of business in Memphis, Tennessee. (Pl.'s Compl. ¶ 1). Its principal business is the door-to-door express delivery of documents, packages and freight throughout the United States and the world via a complex, integrated air ground transportation system. Currently, Plaintiff delivers an average daily volume of approximately 2,500,000 packages per day. (Pl.'s Compl. ¶ 6). Plaintiff's delivery business features door-to-door delivery, time and day delivery commitments, package status tracking, a money-back guarantee for on-time delivery and a second guarantee for package status tracking, evening package drop-off facilities across the country, a network of over 500 airplanes owned or operated by Plaintiff, over 37,000 land vehicles such as trucks and vans, and over 40,000 retail locations for customer access and other feature. (Pl.'s Compl. ¶ 7). FedEx 2Day, one of the express delivery services offered by Plaintiff, provides customers with two-day committed delivery directly to the recipients. (Pl.'s Compl. ¶ 8). Defendant also offers a delivery service entitled Global Priority Mail which delivers to countries outside the United States. (Def.'s Mem. In Supp. of Mot. to Dismiss p. 4).

Defendant is an independent establishment of the executive branch of the United States Government. (Pl.'s Compl. ¶ 2). Defendant provides mail services to the general public, consisting of pickup and delivery of documents and parcels. (Pl.'s Compl. ¶ 9). Defendant also offers expedited mail delivery services for customers

willing to pay an additional amount of postage. (Pl.'s Compl. ¶ 9). One of these services, called Priority Mail, claims to provide mail delivery in two to three days measured from Post Office to Post Office. (Pl.'s Compl. ¶ 9).

Defendant commenced an advertising campaign to promote the use of Domestic Priority Mail in March, 1996 and an advertising campaign to promote the use of Global Priority Mail in April, 1996. (Def.'s Mem. In Supp. of Mot. to Dismiss p. 4). In its advertising campaign for Priority Mail, Defendant compares certain features of Priority Mail delivery service and FedEx 2Day express service, including the alleged prices of the services. (Pl.'s Compl. ¶ 10). Plaintiff alleges that these advertisements are false and misleading because they suggest that Priority Mail is equivalent or superior to Plaintiff's express service, FedEx 2Day. (Pl.'s Compl. ¶¶ 10, 12). Plaintiff alleges that the advertising campaign's descriptions of many of the features of Priority Mail and FedEx 2Day, including the price of FedEx 2Day, are false and misleading. (Pl.'s Compl. ¶ 10). Plaintiff also alleges that Defendant's advertising campaign promoting Global Priority Mail is also false and misleading because the advertisements state that Defendant is a company which delivers around the world. (Pl.'s Compl. ¶ 13). Plaintiff alleges that this statement is false because Defendant is not a company and it does not deliver around the world. (Pl.'s Compl. ¶ 13).

## II. STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure enables a defendant to file a motion to dismiss for a plaintiff's failure to state a claim upon which relief can be granted. Motions to dismiss under Rule 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Dismissal of a complaint for failure to state a claim streamlines litigation by "dispensing with needless discovery and factfinding." *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Dismissal under Rule 12(b)(6) is appropriate where there is no set of facts which would entitle the plaintiff to recover. *Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir.1989). In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.1990), *cert. denied,* 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). If an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). As the Supreme Court said in *Hishon v. Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon* at 73, 104 S.Ct. 2229.

A district court may not grant a defendant's Rule 12(b)(6) motion to dismiss based on its disbelief of the plaintiff's factual allegations. *In Re Sofamor Danek Group, Inc.,* 123 F.3d 394 (6th Cir.1997), *cert. denied., Murphy v. Sofamor Danek Group,* —— U.S. ——, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). It is not the court's function to weigh evidence or evaluate the credibility of witnesses. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). Rather, the court should accept all well-pleaded facts as true and not consider matters outside the pleadings. *Hammond* at 175.

Although a court reviewing a Rule 12(b)(6) motion to dismiss should construe the plaintiff's complaint liberally, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid* at 436. Rather, a plaintiff's complaint will not survive a motion to dismiss under Rule

12(b)(6) unless it contains "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* Accordingly, a district court need not accept as true conclusions of law or unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

## III. ANALYSIS

### A. Timeliness of Defendant's Rule 12(b)(6) Motion to Dismiss

The motion before this court is the second Rule 12(b) motion filed by the Defendant. Successive Rule 12(b) motions are governed by Rules 12(g) and 12(h)(2) of the Federal Rules of Civil Procedure. Rule 12(g) states in relevant part:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed.R.Civ.P. 12(g).

Rule 12(h)(2) states:

> A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at trial on the merits.

Fed.R.Civ.P. 12(h)(2).

■ These rules taken together prohibit a defendant from raising the defense of failure to state a claim after filing an initial 12(b) motion to dismiss unless that defense is made in the defendant's answer to the complaint[1], motion for judgment on the pleadings, or at trial. These restrictions upon successive 12(b) motions were imposed to "eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions." *Rauch v. Day and Night Mfg. Corp.,* 576 F.2d 697, 701 (6th Cir.1978). As a result of Rules 12(g) and 12(h)(2), "a defendant who wishes to raise a defense to the court's personal jurisdiction must do so when he makes his 'first defensive move,' whether by Rule 12 motion or by a responsive pleading." *Id.*

Defendant's Rule 12(b)(6) motion does not fall into any of the three categories enumerated in Rule 12(h)(2). Under the familiar canon of statutory construction, *expressio unius est exclusio alterius,* Rule 12(h)(2)'s authorization of three narrowly defined exceptions to the general prohibition against successive 12(b) motions automatically excludes any other means of filing successive Rule 12(b) motions. As the United States Court of Appeals for the Sixth Circuit stated in *Swart v. Pitcher,* No. 92–2401, 1993 WL 406802 (6th Cir. Oct.08, 1993), "Rule 12(h)(2), in setting out the ways in which a party may raise a failure to state a claim argument after the initial pre-answer motion, precludes the filing of a second 12(b)(6) motion to dismiss after an initial motion to dismiss." *Swart* at *3. In the present case, Defendant has failed to offer any evidence suggesting that the grounds for its current motion to dismiss were not available to Defendant when it filed its earlier 12(b) motion to dismiss for lack of subject matter jurisdiction. In fact, Defendant has not offered any explanation for why this failure to state a claim argument was not raised in its initial pre-answer motion. In light of the foregoing, Defendant's 12(b)(6) motion to dismiss is untimely and could be barred as such.

■ However, this court chooses to exercise its discretion in adherence to the

---

1. Among other things, Rule 7(a) authorizes replies and answers to complaints, counterclaims, and cross claims. In the context of this case, the pleading "permitted or ordered under Rule 7(a)" would refer to Defendant's answer, which had not been filed at the time this opinion was drafted.

spirit of the law as opposed to the letter of the law in light of the fact that Defendant's earlier motion to dismiss challenged the court's subject matter jurisdiction. Although Defendant has not offered an explanation for its failure to file its 12(b) motion earlier, there is no evidence that this motion was filed simply to delay the action or to create an inconvenience for Plaintiff. There is also no reason to think that Defendant's motion has imposed or will impose undue hardship upon Plaintiff. In short, allowing Defendant to file this motion will not create an unjust delay or facilitate an abuse in motion practice. Therefore, this court will proceed to address the merits of Defendant's motion to dismiss.

### B. Sufficiency of Pleadings

Plaintiff's cause of action against Defendant is governed by Section 43 of the Lanham Act which states in relevant part:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

. . . .

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B) (1997).

■ One of the purposes of the Lanham Act was to protect consumers from false or misleading advertising. *Coca–Cola Co. v. Procter & Gamble Co.*, 822 F.2d 28, 31 (6th Cir.1987). Section 1125(a) of the statute promotes this purpose by creating a private cause of action for aggrieved competitors, the parties with the greatest interest in enforcing the prohibition against false and misleading advertising. *Id.*

■ Because the Sixth Circuit has not addressed the question of what elements are required to successfully plead a false advertising claim under the Lanham Act, this court looks to relevant precedent from other federal courts. The federal courts seem to have reached a consensus as to the elements required to plead a Lanham Act false advertising claim.[2] *See e.g., Skil Corp. v. Rockwell International Corp.*, 375 F.Supp. 777, 783 (N.D.Ill.1974); *Cook, Perkiss and Liehe, Inc. v. Northern Cali-*

---

**2.** Some of these cases require the plaintiff to plead that the defendant made a false statement of fact about *its own products* in competitive advertising while others require the plaintiff to plead that the defendant made false statements of fact about its own products *or a competitor's products*. This difference can be explained by the passage of the Trademark Law Revision Act of 1988, Pub.L. No. 100–667, 102 Stat. 3935 (1988) ("TLRA"). Prior to the passage of the TLRA, subsection (a) read as follows:

Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation

cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

Some courts construed this language to limit a Lanham Act cause of action for false advertising to statements made about the defendant's own products. *See e.g., Bernard Food Industries v. Dietene Co.*, 415 F.2d 1279 (7th Cir.1969), *cert. denied*, 397 U.S. 912, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970); *Skil Corp.* at 783; *Max Daetwyler Corp.* at 1551. In 1988, Congress passed the TLRA to, among other things, clarify that a Lanham Act cause of action could be brought against a defendant who had made false or misleading representations of fact about its own products or a competitor's products. *See McNeil–P.C.C., Inc. v. Bristol–Myers Squibb Co.*, 938 F.2d 1544, 1549 n. 1 (2nd Cir.1991).

*fornia Collection Service, Inc.*, 911 F.2d 242, 244 (9th Cir.1990); *Hot Wax, Inc. v. Grace–Lee Products, Inc.*, No. 97 C 6882, 1998 WL 664945, at *2 (N.D.Ill. Sept.15, 1998); *Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F.Supp. 1549, 1551 (E.D.Pa.1985); *Barr Laboratories, Inc. v. Quantum Pharmics, Inc.*, 827 F.Supp. 111, 117 (E.D.N.Y.1993); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997). Those elements are: 1) a false statement of fact by a defendant in a commercial advertisement about its own or another's product; 2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; 3) the deception is material, in that it is likely to influence the purchasing decision; 4) the defendant caused its false statement to enter interstate commerce; and 5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Southland Sod Farms* at 1139. The federal courts have identified two distinct types of falsehoods which satisfy the first element's requirement of a false statement of fact. Falsity includes both literal falsehoods, statements which are false on their face or by necessary implication, and those statements which, though literally true, are still likely to mislead or confuse consumers. *Id.* Courts have extended the scope of the Lanham Act beyond literal falsehoods because the "clever use of innuendo, indirect intimations, and ambiguous suggestions could shield the advertisement from scrutiny precisely when protection against such sophisticated deception is most needed". *American Home Products Corp. v. Johnson & Johnson*, 577 F.2d 160, 165 (2nd Cir.1978).

#### 1. Specificity of Plaintiff's Allegations

In the present case, Defendant contends that Plaintiff has failed to properly plead the elements of a Lanham Act false advertising claim. Defendant bases this contention upon the grounds that Plaintiff has failed to allege any false or misleading statements of fact with the degree of particularity required for a Lanham Act false advertising claim. Defendant urges the court to impose the requirements of Rule 9(b) of the Federal Rules of Civil Procedure upon Plaintiff's complaint or, in the alternative, at least require Plaintiff to plead the nature of the allegedly false advertisements. If either of these standards are used by this court, Defendant argues that Plaintiff's complaint should be found wanting.

The general rule governing the requirements for a plaintiff's complaint is found in Rule 8(a) of the Federal Rules of Civil Procedure. That rule states in relevant part:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(b).

However, the Federal Rules of Civil Procedure require a heightened standard for pleadings in cases involving fraud or mistake. Under Rule 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity" when a plaintiff raises allegations of fraud or mistake in her complaint. The federal courts are currently divided as to whether Rule 9(b) should apply to a Lanham Act claim. *See Barr Lab., Inc. v. Quantum Pharmics, Inc.*, 827 F.Supp. 111, 117–118 (E.D.N.Y.1993) (listing cases where federal courts have 1) applied Rule 9(b) to Lanham Act claims and 2) refused to apply Rule 9(b) to Lanham Act claims).

As Defendant concedes, the Sixth Circuit has yet to decide this question. Nevertheless, in the present case, it is not necessary for this court to resolve the question of whether a Lanham Act false advertising claim must satisfy the pleading requirements of Rule 9(b). Even if the

court were to assume that Rule 9(b) applies, Defendant has failed to show how Plaintiff's complaint would not satisfy the threshold created by that rule.

Defendant relies upon *Textile Deliveries, Inc. v. Stagno,* No. 90 CIV.2020, 1990 WL 155709 (S.D.N.Y.1990) for the proposition that Rule 9(b) requires Plaintiff to allege the statements it claims are misleading, the identity of those responsible for the statements, the time and place of the allegedly misleading statements, and how the statements were misleading.[3] *Textile Deliveries* at *6. Defendant contends that Plaintiff has failed to identify the false or misleading statements which have caused it the alleged harm. Defendant further contends that Plaintiff's lack of specificity in its complaint has left the Defendant "in the dark, groping to decipher from Plaintiff's vague and indefinite allegations what light it could shed on the wrong it is alleged to have done in its advertising." (Def's Mem. in Supp. of Mot. to Dismiss pp. 6–7).

■ To understand why Plaintiff's complaint does satisfy Rule 9(b)'s requirements, it is necessary to review Sixth Circuit precedent concerning the purpose of the rule and how it should be construed by courts. The Sixth Circuit has identified two purposes underlying Rule 9(b): 1) to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading, *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir.1988),

and 2) to allow the District Court to distinguish valid from invalid claims and terminate needless litigation early in the proceedings, *Blount Financial Services, Inc. v. Walter E. Heller and Co.,* 819 F.2d 151, 153 (6th Cir.1987). The Sixth Circuit construes Rule 9(b) liberally, *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–162 (6th Cir. 1993), and requires district courts to interpret the rule in harmony with Rule 8's policy of simplicity in pleadings, *Arnold v. Arnold Corp.–Printed Communications for Bus.,* 920 F.2d 1269, 1279 (6th Cir.1990) (quoting *Michaels Bldg. Co.* at 679). The Sixth Circuit has also warned that it is inappropriate for a court to focus exclusively on Rule 9(b)'s particularity requirement because such a narrow approach fails to honor the general simplicity and flexibility envisioned by the Federal Rules of Civil Procedure. *Michaels Bldg. Co.* at 679.

■ Here, Plaintiff's complaint satisfies both purposes underlying Rule 9(b). Although Plaintiff's complaint does contain some conclusory and vague allegations[4], it also alleges facts which have given Defendant sufficient notice to prepare responsive pleadings. Plaintiff alleges that Defendant's advertising "represents and implies that Priority Mail is equivalent or superior to FedEx 2Day." (Pl.'s Compl. ¶ 10). Plaintiff supports this allegation in paragraph 11 by pointing to one of Defendant's print advertisements which claims that FedEx charges an additional fee for

---

**3.** The Sixth Circuit has also noted that Rule 9(b) requires a plaintiff at a minimum "to allege the time, place and contents of the misrepresentation upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984).

**4.** For example, in paragraph 10 of its complaint, Plaintiff alleges that "[t]he descriptions of many of the features of Priority Mail and FedEx 2Day, including the price of FedEx2Day, contained in the campaign are false or misleading." Although this statement does specify the price as one of the misleading descriptions which Plaintiff claims are actionable under the Lanham Act, the phrase "many of the features" is vague and does not

grant Defendant any notice as to which additional descriptions are also the subject of this lawsuit.

Paragraph 14 of Plaintiff's complaint refers to "other false and misleading statements, implications, representations and descriptions in the ads." Again, this isolated phrase is vague and conclusory in nature and does indeed leave Defendant "groping in the dark" as to the factual predicate for Plaintiff's cause of action. If Plaintiff's complaint consisted of no allegations other than those identified in this footnote, Defendant's motion would be well-taken. However, Plaintiff has pled more specific allegations which warrant a denial of Defendant's motion to dismiss.

Saturday delivery while Defendant delivers on Saturday at no additional cost. Plaintiff avers that this advertising statement is misleading because it implies that Defendant offers express delivery service when it does not and suggests that Defendant offers the same services as Plaintiff does with no additional charges for Saturday delivery. In paragraph 13, Plaintiff pleads another specific misrepresentation: Defendant's characterization of itself as a company. As Plaintiff explains in its Memorandum in Opposition to Defendant's Second Motion to Dismiss, Defendant's description of itself as a company is misleading to consumers if it implies that Defendant is a private, commercial business comparable to Plaintiff. Furthermore, Plaintiff pleads with particularity in paragraph 13 when it alleges that Defendant misled consumers with its statement that it delivers "around the world." Plaintiff avers that it was misleading for Defendant to advertise itself as delivering "around the world" when it only delivers to twenty to thirty countries, especially in light of the fact that FedEx delivers to 212 countries.

The court fails to see how these three allegations are not sufficiently specific to allow Defendant to prepare its responsive pleadings. All three allegations specify the misleading statement and the nature of the alleged deception perpetrated upon consumers. All three allegations identify the Defendant as the source of these misleading statements. Plaintiff's complaint identifies the place of these allegedly misleading statements as advertisements disseminated through television, radio, direct mail and print media. Plaintiff's allegations that the advertising campaign in question is "presently being conducted" along with its averment that it is suffering "continuous irreparable harm" should satisfy the time requirement. Where the allegedly misleading advertising has occurred over a long period of time, it would be unreasonable and contrary to the Sixth Circuit's liberal construction of Rule 9(b) to require Plaintiff to identify the exact day, hour or place of every advertisement which made the allegedly misleading statements. *See e.g., Hot Wax, Inc.* at *4 (stating that Rule 9(b)'s pleading requirements with respect to time apply less stringently where the alleged fraud occurred over a period of time). This is especially true in this case where it is clear that Defendant is aware of the advertising campaigns referred to in Plaintiff's complaint, when those campaigns started, and how long they have run.[5] Plaintiff has already alleged the existence of a specific print advertisement that is representative of the type of misleading statements it alleges are currently being disseminated by Defendant. In light of Defendant's awareness of the allegedly misleading state-

---

5. In the Facts section of Defendant's Memorandum in Support of Motion to Dismiss, the Defendant states the following:

> The Postal Service commenced an advertising campaign in March of 1996 to promote the use of Domestic Priority Mail and an advertising campaign in April of 1996 to promote the use of Global Priority Mail. With regard to the Domestic Priority Mail campaign, FedEx alleges that it was harmed because the advertising campaign compared features of Domestic Priority Mail delivery service with FedEx 2Day express service in a way that represented and implied that Domestic Priority Mail is equivalent to or superior to FedEx 2Day....
>
> ....
>
> With regard to the advertising campaign concerning Global Priority Mail, Plaintiff alleges that an unspecified ad that describes the Postal Service as a "company" that delivers "around the world" is false because it is not a company and does not deliver Global Priority Mail to countries around the world.

(Def.'s Mem. in Supp. of Mot. to Dismiss pp. 3–4).

With these statements, Defendant appears to be eminently aware of the advertising campaign referred to in Plaintiff's complaint. In fact, Defendant goes so far as to identify the month and year these campaigns actually began. Moreover, Defendant does not claim to be unaware of the three specific allegations made by Plaintiff in its complaint. Quite to the contrary, Defendant purports to explain how those allegedly misleading representations of fact are actually true and incapable of misleading consumers.

ments, dismissal of Plaintiff's complaint because it failed to specify the time to the extent that other cases might require would constitute the narrow approach the Sixth Circuit warned against in *Michaels Bldg. Co. v. Ameritrust Co., N.A.* The court expressly declines Defendant's invitation to do so here. Defendant's motion to dismiss is denied to the extent that it is based upon Defendant's allegations that Plaintiff's complaint was insufficiently particularized to state a claim under the Lanham Act.

2. Materiality of Plaintiff's Allegations

Defendant also contends that Plaintiff's complaint fails to satisfy the third element of a Lanham Act false advertising claim requiring that the alleged deception be material. Defendant argues that even if its advertising statements were construed by some consumers as misleading, that deception would not affect those consumers' purchasing decision because 1) whether Defendant is considered to be a corporation or not is not likely to affect consumer's buying patterns, and 2) if a consumer were lured to Defendant's place of business, he would quickly discover Defendant's mailing limitations with respect to international destinations and choose to go elsewhere if he desired to ship a package to a country outside the scope of Defendant's delivery area. Because neither of these alleged misrepresentations would affect the consumer's purchasing decision, Defendant contends that the alleged misleading statements are not material and therefore not actionable under the Lanham Act.

 Defendant is correct in noting that false or misleading statements must be material before liability will ensue under the Lanham Act. For purposes of the Lanham Act, materiality is defined in terms of a statement's propensity to have some effect on consumers' purchasing decisions. *See National Basketball Ass'n v. Sports Team Analysis and Tracking Systems, Inc.,* 939 F.Supp. 1071, 1109 (S.D.N.Y.1996). Immaterial statements are not actionable under the Lanham Act because they are not relied upon by consumers in making their purchasing decisions and therefore do not have "an adverse effect on either of the groups which the Lanham Act seeks to protect." *Id.* at 1110. In assessing whether a misrepresentation is material, a court should evaluate the entire advertisement and consider the alleged misleading statement in its context. *Id.*

 Although materiality is a legal determination, such a determination should be informed by factual evidence concerning the relevant consumer market. When a court assesses materiality, the relevant perspective is that of the consumers. *See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.,* 42 F.3d 1421, 1428 n. 9 (3rd Cir.1994), *cert. denied,* 514 U.S. 1103, 115 S.Ct. 1838, 131 L.Ed.2d 757 (1995). Even if this court believed that Defendant's statements should not have been material, it would be premature to dismiss Plaintiff's cause of action without any knowledge of the consumers' perceptions of materiality. Plaintiff has pled that the representations are material and has offered facts in support of that contention. Moreover, this court does not find that Defendant's statements are of such a nature that no reasonable consumer could consider them as material. In short, Plaintiff has satisfied the minimal requirements to plead a cause of action under the Federal Rules of Civil Procedure. Whether Defendant's representations are material is a question properly addressed after evidence has been submitted to the court.[6]

---

**6.** Defendant submitted a decision of the National Advertising Review Board (NARB) of the Council of Better Business Bureaus dismissing the National Advertising Division's finding that a price comparative ad was misleading where a competitor had failed to disclose a guarantee feature. Defendant argues that this decision is relevant to the case at hand because of the factual similarities between the two cases. In adherence to Rule 12(b), this court declines Defendant's implicit invitation to convert this motion to dismiss into a Rule 56 motion for summary judgment and therefore excludes from its consid-

Accordingly, Defendant's motion to dismiss Plaintiff's false advertising claims for lack of materiality is denied.

### 3. Falsity of Defendant's Statements

█ Defendant further contends that its advertising statement claiming that it delivers on Saturday without a surcharge while Plaintiff charges an additional fee for Saturday deliveries is true and exempt from liability under the Lanham Act. Defendant supports its contention by arguing that its advertisements specifically stated that it delivers Priority Mail on a national average of two to three days. Defendant contends that this statement operated as a disclaimer of any delivery guarantee and thereby obviated any need to explicitly state that it fails to offer guaranteed delivery. Moreover, Defendant argues that any confusion as to whether its Priority Mail service is exactly the same as the FedEx 2Day service offered by Plaintiff should have been dispelled by the dramatic price differential between the two services. Finally, Defendant contends that it should not be held liable under the Lanham Act simply because it omitted a statement explaining that it does not offer guaranteed Saturday delivery.

Defendant's efforts to identify all the evidence which should have prevented consumers from perceiving Defendant as offering a guaranteed express delivery service comparable to that offered by Plaintiff is to no avail at this juncture in the case. As this case progresses, Plaintiff may be unable to bear its burden to prove that consumers were deceived or likely to be deceived because of the obstacles created by the very evidence noted in Defendant's motion to dismiss. However, the time has not come for this court to determine the truth or falsity of Defendant's advertising statements. As the court stated in *Johnson & Johnson Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp.,* 960 F.2d 294 (2nd Cir.1992), "[g]enerally,

before a court can determine the truth or falsity of an advertisement's message, it must first determine what message was actually conveyed to the viewing audience." *Johnson & Johnson Merck Consumer Pharmaceuticals Co.* at 298. The court has no way of knowing what message was conveyed to consumers by Defendant's statements without some evidence bearing on the question. Looking at such evidence would be inappropriate when all the court has been asked to do is to determine whether Plaintiff has sufficiently pled the elements of a Lanham Act false advertising claim. Accordingly, the court denies Defendant's motion to dismiss to the extent that it is based upon the argument that its statements are not false.

### C. Puffery

█ Defendant argues that its characterization of itself as a company and its statement indicating that it delivers around the world constitute puffery and therefore should not subject Defendant to liability under the Lanham Act. Puffery has been defined as "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." *Southland Sod Farms* at 1145; *see also Castrol Inc. v. Pennzoil Co.,* 987 F.2d 939, 945 (3rd Cir.1993) (defining puffery as "an exaggeration or overstatement expressed in broad, vague, and commendatory language"); *Stiffel Co. v. Westwood Lighting Group,* 658 F.Supp. 1103, 1114 (D.N.J.1987) (defining puffery as "advertising the advantages of a product, including claims of general superiority"); *Toro Co. v. Textron, Inc.,* 499 F.Supp. 241, 253 (D.Del.1980) (characterizing an advertisement as puffing where it is "not deceptive for no one would rely on its exaggerated claims"). Because statements of puffery are so broad in scope, so general in nature and so exaggerated in content that no reasonable person would rely upon them, a defendant

eration any material offered in addition to Defendant's legal arguments in support of the motion to dismiss. As the *Hammond* court stated, a district court should not consider matters outside the pleadings when disposing of a motion to dismiss. *Hammond* at 175.

cannot be held liable for "puffing" under the Lanham Act. *See Cook, Perkiss and Liehe, Inc.* at 246; *Southland Sod Farms* at 1145; *Castrol* at 945. However, puffery does not include "misdescriptions or false representations of specific characteristics of a product", *Castrol* at 945, and any such statements made by Defendant are not exempt from liability under the Lanham Act.

█ In the context of this particular case, Defendant's representation of itself as a company should not be characterized as puffery. The issue raised by the use of the word "company" is whether that term confused or misled a segment of consumers as to the true nature of Defendant's Priority Mail and Global Priority Mail services. Plaintiff argues that the term "company" evoked images of a private, commercial enterprise in the minds of the buying public and misled those potential customers into comparing Plaintiff and Defendant as two private companies providing express delivery services. Defendant's description of itself as a "company" in its advertising campaign was not an example of "exaggerated advertising, blustering and boasting" or "claims of general superiority." Defendant's description of itself as a "company" was not so vague and exaggerated that no reasonable person could have relied upon it. In short, Defendant's use of the word "company" was not the sort of representation usually associated with puffery.[7] Quite to the contrary, Defendant's representation of itself as a company was a specific description of a characteristic allegedly possessed by Defendant. Factual claims such as this one are actionable under the Lanham Act if they have misled or confused a significant segment of consumers.

Defendant argues that its representation of itself as a company cannot possibly be deemed a factual claim because a "common sense" awareness of the Postal Service and its governmental nature should preclude reasonable reliance upon any phrase or word suggesting that Priority Mail and Global Priority Mail are services offered by a private commercial entity. While it may be true that no consumer construed or was likely to construe Defendant's description of itself as a company, those considerations are not relevant to the inquiry at hand. In a motion to dismiss for failure to state a claim, a court addresses a very narrow question: has the Plaintiff pled facts respecting all material elements of the claim in question? Whether consumers should have known that any service advertised by the Postal Service must be a governmental service bears very little on the question of whether a proper complaint has been filed. The answer to the question raised by Defendant's arguments requires evidence and thus is more properly resolved in the disposition of a motion for summary judgment. Furthermore, it would not be appropriate for this court to rely upon such ambiguous concepts as "common sense" or its own intuitive notions of how an advertising statement should have been interpreted to conclude that Defendant's statement is not actionable because no one could have relied upon it. The relevant barometer is the opinion of the consumer, not that of a court. *See, e.g. American Home Products Corp.* at 165–166 (quoting *American Brands, Inc. v. R.J. Reynolds Tobacco Co.,* 413 F.Supp.

7. Most statements of puffery consist of vague advertising claims that one's product is better than comparable products offered by competitors. For example, the *Southland Sod Farms* court found that a turfgrass seed and sod producer's advertising statement, "Less is More", was generalized boasting and should be deemed as nonactionable puffery. *Southland Sod Farms* at 1145. In *Smith–Victor Corp. v. Sylvania Electric Products, Inc.,* 242 F.Supp. 302 (N.D.Ill.1965), the court identified statements such as, "far brighter than any lamp ever before offered for home movies," and "the beam floods an area greater than the coverage of the widest angle lens," as examples of puffery. In contrast to these statements, Defendant's representation of itself as a company did not make any comparisons whatsoever to Plaintiff or to any other competitor. Indeed, Defendant's description of itself could not have been comparative statement of superiority because its competitors are all companies as well.

1352, 1356–57 (S.D.N.Y.1976)); *Johnson & Johnson Merck Consumer Pharmaceuticals Co.* at 297–98 (2nd Cir.1992); *Castrol* at 943.

■ Defendant also contends that its advertising statement indicating that its Priority Mail and Global Priority Mail services deliver "around the world" also constitutes inactionable puffery under the Lanham Act. Defendant supports this contention by arguing that the phrase "around the world" is "a generalized statement, too vague and ambiguous to convey the message that Global Priority Mail is delivered to literally every country in the world." On its face, the phrase "around the world" does seem to be the type of vague, general exaggeration which no reasonable person would rely upon in making a purchasing decision. Nevertheless, the determination of whether an advertising statement should be deemed puffery is driven by the context in which the statement is made. Where the context of an advertising statement may lend greater specificity to an otherwise vague representation, the court should not succumb to the temptation to hastily rule a phrase to be inactionable under the Lanham Act. To do so would insulate from liability some of the misleading advertising which the Lanham Act was intended to prohibit. Thus, this court will proceed to analyze whether the vagueness created when the phrase "around the world" is isolated from its context disappears once that phrase is placed back into its context.

In the present case, the context is the mail and parcel delivery industry. Where, as here, consumer perceptions are so critical to Defendant's liability under the Lanham Act, this court should evaluate the specificity of the phrase "around the world" against the backdrop of industry norms. For example, if the industry norm for scope of delivery were 200 countries and customers had become aware of this norm, it would be misleading for a company to advertise that it delivers "around the world" when it only delivers to one country. Although the phrase "around the world" would be vague in a vacuum, the context of the mail and parcel delivery industry and its norms would give a more concrete meaning to the phrase and may lead consumers to reasonably believe that the company which made the statement offers a scope of coverage at least comparable in extent to that of its competitors, if not superior. In such a fashion, information concerning industry norms can convert an advertising statement from puffery into a misleading representation of fact which is actionable under the Lanham Act.

However, at this stage of the litigation between Plaintiff and Defendant, the court does not have sufficient information to even begin any analysis of industry norms. If the court were to adopt Defendant's characterization of its statement concerning delivery "around the world" as puffery and grant its motion to dismiss, Plaintiff's cause of action would be lost despite the possibility that the term "around the world" is sufficiently specific in the context of industry norms and in the minds of the buying public to render it actionable under the Lanham Act. Because a motion to dismiss can be granted only when "no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon* at 73, 104 S.Ct. 2229, dismissal is not proper in the instant case since relief could be granted under the Lanham Act if Plaintiff is able to show that the term "around the world" was actually a misdescription of Defendant's characteristics. Accordingly, the court denies Defendant's motion to dismiss on the grounds that Defendant's statements constituted puffery.

## IV. ORDER

Based on the foregoing, Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's false advertising claims under 15 U.S.C. § 1125(a) is **DENIED.**

**IT IS SO ORDERED.**