NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0137n.06

No. 22-5702

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JENNIFER HALL and DANIEL POWERS, Administrators of the Estate of Serenity Renee Powers, | ) ) ) |
| Plaintiffs-Appellees, | ) ) ) |
| v. | ) ) |
| TERRY CARL, | ) ) |
| Defendant, | ) ) |
| MARK SCHAFFIELD, M.D., | ) ) |
| Defendant-Appellant. | ) ) ) ) |

**FILED**
Mar 17, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** This appeal arises from the denial of a motion for summary judgment in a 42 U.S.C. § 1983 case alleging Eighth Amendment violations and state-law negligence claims. Although defendant Mark Schaffield did not assert a qualified immunity defense below, at issue is whether the district court was correct when it nevertheless noted in passing that binding Sixth Circuit precedent in *McCullum v. Tepe*, 693 F.3d 696 (6th Cir. 2012), prevented him from asserting such a defense.

Jennifer Hall was seven and a half months pregnant when she was admitted to the Kenton County Detention Center ("KCDC") in April 2018. R. 77-2 (Hall Dep. at 160) (Page ID #524). She had been treated for her opioid-use disorder with Methadone since 2016. *Id*. at 41–42 (Page

ID #405–06). During the first month of her incarceration, she was transported daily to a Methadone clinic to receive treatment. *Id.* at 60–61 (Page ID #424–25). Healthcare services at KCDC were contracted to Southern Health Partners ("SHP"). R. 77-1 (Kenton Cnty. Mem. in Supp. of Mot. for Summ. J. at 3) (Page ID #342). Dr. Schaffield contracted with SHP to serve as Medical Director at KCDC. R. 77-4 (Schaffield Dep. at 160–61) (Page ID #729–30).

On May 25, 2018, when Jennifer Hall's pregnancy was full-term, Dr. Schaffield gave an order to the nurses at KCDC to transition the pregnant women with opioid-use disorders at KCDC from Methadone to Buprenorphine. R. 77-5 (Thoman Dep. at 34–35; 62) (Page ID #851–52, 879); R. 77-6 (Setters Dep. at 61) (Page ID #990). Like Methadone, Buprenorphine is a prescription treatment for substance abuse disorders. R. 128 (Mem. Op. & Order at 2–3 (Page ID #4298–99). Buprenorphine, however, does not require daily trips to a clinic. R. 77-4 (Schaffield Dep. at 12) (Page ID #581). Kentucky regulations dictate professional standards for the prescription and dispensation of Buprenorphine, including a requirement that the prescribing doctor obtain a complete evaluation of the patient, explain treatment alternatives and risks, obtain written informed consent, and document the presence of opioid withdrawal prior to administering the first dose. 201 Ky. Admin. Reg. 9:270 Sec. 2(4). For pregnant patients, a doctor must also "obtain and document consultation with another independent physician that the potential benefit of [Buprenorphine] use outweighs the potential risk of use." *Id.* Sec. 2(4)(b)(2)(a). Dr. Schaffield took none of these precautionary measures before ordering the change in the pregnant inmates' medication. R. 77-4 (Schaffield Dep. at 30, 38–39, 42, 78, 89, 106–07, 129–30, 132–33, 134–35, 137, 215) (Page ID #599, 607–08, 611, 647, 658, 675–76, 698–99, 701–02, 703–04, 706, 784). SHP policy also prohibits detoxing pregnant inmates on Methadone and directs that they should

2

be continued on Methadone while incarcerated. R. 111-6 (SHP Policy at 2) (Page ID #3942). Dr. Schaffield did not recall if he consulted SHP's policy on detoxing pregnant inmates before he switched them to Buprenorphine from Methadone. R. 77-4 (Schaffield Dep. at 34) (Page ID #603).

The pregnant inmates were told on Monday, May 28, 2018, that they would be given Buprenorphine instead of being taken to the Methadone clinic. R. 77-2 (Hall Dep. at 79–81) (Page ID #443–45). One pregnant woman who refused to take the Buprenorphine before speaking to her doctor was sent to an isolation unit until she agreed to take the medication three hours later. R. 102-4 (Incident Report at 1) (Page ID #1849); R. 77-8 (Ray Dep. at 27) (Page ID #1113). Shortly after Hall received her first dose of Buprenorphine, she began to suffer withdrawal symptoms. R. 77-2 (Hall Dep. at 86–87) (Page ID #450–51). She testified at her deposition that she vomited after taking the first dose. *Id.* The following day, she was given her second dose of Buprenorphine and vomited again. *Id.* at 109 (Page ID #473). Hall grew convinced that something was wrong with her pregnancy and reported to nurses that she was in labor so that they would transport her to the hospital. *Id.* at 92 (Page ID #456). After Hall arrived at the hospital, she suffered a stillbirth. *Id.* at 114–16 (Page ID #478–80).

Hall filed this suit alleging an Eighth Amendment deliberate-indifference claim and state-law claims for negligence against Kenton County, SHP, and Dr. Schaffield, as well as other SHP and jail staff in their individual capacities. R. 1 (Compl. at 1–2, ¶¶ 27–31) (Page ID #1, 9–10). After discovery concluded, Dr. Schaffield moved for summary judgment. R. 105 (SHP Defs.' Mot. for Summ. J. at 1) (Page ID #2336). Dr. Schaffield did not raise the affirmative defense of qualified immunity in his answer or in his motion for summary judgment. R. 9 (Schaffield Ans. at 1–8) (Page ID #68–75); R. 105 (SHP Defs.' Mot. for Summ. J. at 1–16) (Page ID #2336–51).

Nevertheless, the district court noted that Schaffield was not entitled to assert the defense of qualified immunity based on the Sixth Circuit's decision in *McCullum*. R. 128 (Mem. Op. & Order at 36) (Page ID #4332). The district court then denied Dr. Schaffield's motion for summary judgment on the ground that a reasonable jury could find that Schaffield had been "deliberately indifferent to the serious risk posed by the medication change he ordered" and that his "actions were 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" R. 128 (Mem. Op. & Order at 48) (Page ID #4344) (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002)). Dr. Schaffield appealed the district court's purported determination that he was not entitled to qualified immunity and the district court's denial of his motion for summary judgment.

Under the collateral-order doctrine, a district court's order denying summary judgment on the issue of qualified immunity is immediately appealable if "the defendant was a public official asserting a defense of 'qualified immunity,'" and "the issue appealed concerned . . . whether or not certain given facts showed a violation of 'clearly established' law." *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) (quoting *Johnson v. Jones*, 515 U.S. 304, 311 (1995)). Dr. Schaffield has appealed the district court's purported denial of qualified immunity. But as the district court recognized, Dr. Schaffield, as a private doctor working for the government, is "not entitled to assert qualified immunity" under binding Sixth Circuit precedent. *McCullum*, 693 F.3d at 704; *see also Berkshire v. Beauvais*, 928 F.3d 520, 531 (6th Cir. 2019) (noting that the Sixth Circuit is bound by *McCullum* and private doctors working for the government are not entitled to qualified immunity); *Lee v. Willey*, 543 F. App'x 503, 505–07 (6th Cir. 2013) (discussing *McCullum* and finding "no good reason to disturb our holding" in the case of a private psychiatrist who was

4

working for a state prison on a contract basis). *McCullum* postdates and interprets *Filarsky v. Delia*, 566 U.S. 377 (2012), and it is a well-established rule of this circuit that one panel of this court cannot overrule the decision of another panel, barring an intervening and inconsistent opinion from the Supreme Court or an en banc decision of this court overruling the panel. *See, e.g.*, *Ladd v. Marchbanks*, 971 F.3d 574, 580 n.4 (6th Cir. 2020); *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017); *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001). *McCullum* is binding precedent and bars Dr. Schaffield from raising the defense of qualified immunity. We thus do not have jurisdiction to hear this appeal. *McCullum*, 693 F.3d at 697, 700; *Harrison*, 539 F.3d at 525.[1]

Even if *McCullum* did not bind us, qualified immunity is an affirmative defense that must be affirmatively pleaded, *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986), and failure to raise qualified immunity results in forfeiture. *Summe v. Kenton Cnty. Clerk's Off.*, 604 F.3d 257, 269 (6th Cir. 2010); *English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994). When Dr. Schaffield failed to assert his qualified-immunity defense in his answer to the complaint or his motion for summary judgment, he forfeited the defense at this stage of the litigation. *See Summe*, 604 F.3d at 269–70 (holding that a defendant who failed to raise the qualified-immunity defense on summary judgment forfeited the defense); *Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 752 (6th Cir. 2015) (approving district court finding that defendant had forfeited the qualified-immunity defense at the motion-to-dismiss stage); *Swart v. Pitcher*, 9 F.3d 109, 1993 WL 406802,

---

[1]Dr. Schaffield also raises concerns unrelated to qualified immunity. We do not have jurisdiction to review the district court's determination that triable issues of fact exist that preclude summary judgment because the denial of summary judgment is not a "final judgment," and is therefore not immediately appealable. *Johnson v. Jones*, 515 U.S. 304, 313 (1995); *McDonald v. Flake*, 814 F.3d 804, 815 (6th Cir. 2016); *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008).

at \*4 (6th Cir. Oct. 8, 1993) (unpublished table decision) (defendants had forfeited their ability to raise the qualified-immunity defense on a motion to dismiss).

Finally, we decline to award damages and costs for an allegedly frivolous appeal under Federal Rule of Appellate Procedure 38 at this time. Rule 38 provides that the courts of appeals may "award just damages and single or double costs" only "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed. R. App. P. 38. The advisory committee notes make clear that "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice. . . . Only a motion, the purpose of which is to request sanctions, is sufficient." Fed. R. App. P. 38 advisory committee's note to 1994 amendment. If Hall wishes, she may file a motion in this court requesting damages and costs pursuant to Rule 38.

Because Dr. Schaffield is not entitled to assert the defense of qualified immunity, and because even if he were, he would have forfeited the defense for the purposes of summary judgment, we **AFFIRM**.